ABNER J. MELTON, ADM'R, v. CARY COBB.

See this case for questions arising under the colony contract of Mercer, and subsequent legislation in reference thereto.

Where a Judge sits to hear and decide a case without a jury, his having heard incompetent testimony does not require the reversal of the judgment, where there is competent evidence sufficient to authorize its rendition.

Error from Kaufman. Tried below before Hon. H. J. Jewett.

Trespass to try title by the intestate of plaintiff in error, who set up in his petition the following title in himself: "That the land was heretofore surveyed for him by virtue of a portion of his own headright certificate," duly issued, &c. "That said survey was made on the 3rd day of February, 1846, by a lawful Deputy Surveyor, for the county of Nacogdoches, which county then embraced the land included in said above described survey." Defendant in error pleaded "Not Guilty," and for special defence, that on —— day of June, 1846, he settled on the land, or a portion of the same, described in plaintiff's petition, as a settler and colonist, under the colonization contract made with Charles F. Mercer, in 1844; that said land is situated within the limits of Mercer's Colony, in the new county of Kaufman; that at the time of his introduction into the colony, and entry upon said land, he was, and still is, the head of a family; that in the said year 1846, he built houses on said land, and before 1848 cultivated and put under fence at least fifteen acres of land; that on 9th May, 1850, John M. Crocket, Commissioner of Mercer's Colony, issued to him a headright certificate for six hundred and forty acres of land, which he caused to be located and

surveyed upon and around his improvements ; that the plaintiff in contravention of the colony contract, made with said Mercer, caused his survey to be made within the limits of said colony, while said contract was in full force, &c. ; prays decree for title and general relief.

On the trial, the plaintiff established, by proof, his certificate and survey, as set out in his petition. The defendant introduced and read in evidence the colonization contract made with Charles F. Mercer, January 29th, 1844, and his certificate as a colonist in Mercer's Colony, and a survey which had been made by virtue thereof. Defendant proved that he settled on the land in controversy in June, 1846, and that the land was in the limits of Mercer's Colony. Defendant also proved by a witness that he had seen a notice from the Commissioner of the General Land Office to the Surveyor of the Land District including this land, not to survey any more land in Mercer's colony, and that this notice was given before the survey was made for plaintiff. (This evidence, in relation to the notice, was objected to by plaintiff, and objection overruled.) A jury was waived, and the cause submitted to the Judge, who rendered a decree in favor of the defendant.

The plaintiff assigns the following errors :

1st. The Court erred in admitting the evidence objected to.

2nd. That the judgment was contrary to law and the evidence.

*Burford & Jennings*, for plaintiff in error.

*Reeves & Rushing*, for defendant in error.

WHEELER, J. That the contract of the 29th of January, 1844, if valid, reserved the land in question from location and appropriation, by the plaintiff's certificate, cannot be doubted. But it is insisted that the contract was invalid, for the want

Melton v. Cobb.

of authority, on the part of the President of the Republic, to confer on the grantee the benefits contemplated by the Joint Resolution of the 16th of February, 1843. (Hart. Dig. Art. 2103.) He undoubtedly had authority under the Act of the 4th of February, 1841, (Id. 2005, *et seq.*,) and the amendatory Act of the 5th of February, 1842, (Id. 2087 and 2088,) to contract with the grantee to colonize vacant land of the Republic, for that purpose, and to set apart and reserve from location the territory within certain boundaries, which he should designate, for the period of three years, from the date of the contract. (Hart. Dig. Art. 2008, 2010.) And if the reservation in this case had been for the period of three, instead of five years, from the date of the contract, that period had not elapsed when the plaintiff's location was made. If, therefore, the contract was valid to the extent of the powers of the agent, the land was not subject to location at the date of the plaintiff's attempted appropriation of it. But it is not necessary to consider that question, or to decide whether the President had authority originally to make the contract with the stipulations it contained ; for the reason that the contract was recognized as valid by subsequent legislation. The Act of the 3rd of February, 1845, refers to this contract in express terms, requires the contractors to have the lines of their colony surveyed, and marked by the 1st day of April thereafter, and declares that a failure to comply with this requisition, shall work a forfeiture of the contract. (Hart. Dig. Art. 2145, 2146.) This Act cannot be regarded as anything less than a virtual ratification by the government of the Act of its agent in making the contract ; and its legislative affirmation of its validity. If, therefore, it be conceded that the agent had not authority thus to contract, at the time of entering into the contract, it must be admitted that this recognition of it, by political authority, as a valid subsisting contract, was equally effectual to validate it. as an original grant of authority, The contract was again expressly re-

cognized and treated as an existing contract by the Act of the 25th of June, 1845, (Id. Art. 2151–2,) and these Acts were passed prior to the plaintiff's location and survey.

It is unnecessary to refer to more recent Acts containing similar recognitions of the validity of the contract. It will suffice to say that these legislative recognitions of its validity must be deemed to have put that question at rest. (Houston v. Robertson, 2 Tex. R. 1, 23 ; Hancock v. McKinney, 7 Id. 384, 441–2.)

It is contended that, as the Act of the 3rd of February, 1845, (Id. Art. 2145,) required the contractors to have the lines of their colony surveyed and marked ; and the Act of the 25th of June thereafter, (Hart. Dig. Art. 2151,) authorized patents to issue to claimants to lands, surveyed within the limits of the colony, where the surveys had been filed in the office of the Surveyor of the county, or the Surveyor by whose direction the survey was made, previous to notice to the Surveyor, of the limits of the colony, the plaintiff's survey is protected. But it is to be observed that the last mentioned Act refers to, and, by its terms, appears to have been intended to embrace only locations and surveys which had been previously made ; the words are, "Provided the locations or surveys, in pursuance of which said patents are or may be demanded, were filed in the office of the County Surveyor," &c. It does not seem to contemplate future locations and surveys ; but to have been intended to protect those which had theretofore been made, in ignorance of the fact, on the part of the Surveyor, that they were within the limits of the colony. But the plaintiff's location and survey were made several months after the passage of the Act ; and would seem, therefore, not to have been embraced by, or within the contemplation of its provisions ; or entitled to its protection. If, however, the plaintiff's survey was within the provision of the Act, it is not protected by it, because, it seems, the requisite notice to the Surveyor had been given. The Deputy who

Melton v. Cobb.

made the survey had been informed by the District Surveyor of the notice having been given. It was competent to prove the fact of such information having been given by parol; and we think it was not inadmissible for the Court to receive it as evidence that the notice contemplated by the Statute had been communicated. As the Judge sat to hear and decide the case, without a jury, his having heard incompetent evidence, if such was the case, would not require a reversal of the judgment, when there was competent evidence sufficient to authorize its rendition. The Court would discriminate between evidence which was legal and that which was not; giving the former the weight to which it was entitled, and rejecting the latter. It is to be observed, moreover, that there is no evidence that the limits of the colony were not defined and marked by an actual survey, as the law required; nor is it pretended that the Surveyor did not know that he was making the survey within the limits of the colony; the inference from the evidence is that he did. The land within the limits of the colony had been reserved from location. No survey made within its limits could confer on the claimant a right, unless under particular circumstances; and it would seem, that the burden of showing the existence of those equitable circumstances, recognized by the Statute for the protection of those who had innocently made their surveys within the reserved territory, was on the claimant. The defendant, however, assumed the burden of proof; and we think it sufficiently appears, by the evidence, that the plaintiff's survey was without authority and conferred no title.

It is said that the colony contractors forfeited their rights by failure to perform the requirements of the law and their contract, but of this the record affords no evidence. If the plaintiff would or could have availed himself of any benefit in this suit by reason of such forfeiture, it certainly devolved on him to aver and prove it. But, however, the fact may have been, it cannot affect the rights of the defendant as a colonist.

In the contract, and the laws under which it was made, the rights of the colonist are protected from the influence of forfeiture on the part of the contractor. All the legislation upon the subject, including the ordinance which denounces the contracts, contains the fullest and most ample guaranties and provisions to protect the colonist from injury by reason of any default or forfeiture by the contractors. (Hart. Dig. Art. 2016, 2147 ; Ordinance Sec. 1 ; Act of February 2nd, 1850 ; Hart. Dig. Art 2309 *et seq.*) The defendant is within the protection of these provisions. He was an actual settler upon the land he claims as a colonist as early as June, 1846 ; he made the requisite proof and obtained his certificate as a colonist under the Act of 1850, and procured the land to be surveyed in the same year. He has done all that was requisite to entitle him to the benefits secured by law to colonists. But if he were wholly without title or right, the plaintiff must recover upon the strength of his own title ; and having failed to show a valid title the result must be the same.

We are of opinion that there is no error in the judgment and it is affirmed.

Judgment affirmed.