DANIEL BIRD v. VIRGIL A. PACE AND OTHERS.

Where a jury was waived and the cause submitted to the court below upon the facts as well as the law, the judgment of the court will not be reversed unless it is manifestly erroneous. To authorize a reversal, it is not sufficient that the evidence admits of a different conclusion from that at which the court arrived; nor that some of the reasons assigned for its decree by the court below may not be sustained by the evidence, or may be contrary to the weight of the evidence.

The declarations and admissions of the owner of a tract of land with regard to its boundaries are admissible in evidence against his vendee.

When testimony was admitted in the court below without objection, exception to its admissibility comes too late in this court and cannot be regarded.

The plaintiff alleged in his petition a necessity for a decree fixing the boundary line between him and the defendants, and prayed for a decree establishing the line as claimed by him; and the defendants likewise prayed that by the decree the line be fixed as claimed by them : *Held*, that upon a finding by the court (a jury being waived,) in favor of the defendants, the plaintiff could not complain that it was error for the court to establish the line by its decree, instead of simply rendering a general judgment against the plaintiff.

*Quære.* Whether a decree fixing the boundary line in such a case estops the plaintiff from bringing a second suit for the land in controversy?

APPEAL from Walker. Tried below before the Hon. P. W. Gray.

Trespass to try title, instituted by the appellant against the appellees. The defendant, Pace, was a purchaser of part of the Hodges' league; the other defendants were heirs of Hodges, the

grantee. The litigation was with regard to the dividing line between the Hodges league, under which the defendants claimed, and the Ford league, belonging to the plaintiff.

The defendants read in evidence the deposition of William Robinson, who testified that James Ford, under whom the plaintiff claims, pointed out to the witness in 1832 the corner in dispute at the point contended for by the defendants. No objection to this evidence appears to have been interposed by the plaintiff at the trial in the court below; but it is assailed in this court.

The other facts appear fully in the opinion.

*A. P. Wiley*, for appellant. The concession made by Ford of the corner on *the slough* as his beginning corner, was made in ignorance of his rights at a time in the history of the country when not one man in twenty knew all the corners of his land,—*a mistake* injuring no one, and from which no one should derive benefit, and is, therefore, not binding in law or morals, for any purpose whatever. Upon the evidence, then, embodied in the record the appellant asks a reversal of the judgment of the court below. He, also, asks a reversal of the judgment for another reason. It will be seen from an inspection that the judgment not only dismisses plaintiff's suit, but attempts finally and conclusively to establish the boundary line between the Ford and Hodge grants, to run from the corner on the slough by course and distance due east and west course. This, it is believed, it could not do. The question in the case is one purely of legal title to land which must be tried and determined in the mode prescribed by law, viz., in an action of trespass to try title; in relation to which form of action it is expressly provided by statute, "that the plaintiff shall proceed with all convenient expedition to the trial of the same; and in case a verdict and judgment shall pass against him in such action, such verdict and judgment shall not be *conclusive* and definite against the plaintiff, but at any time within one year, the said plaintiff or any other person claiming under him shall have a right to commence his action for the recovery of said lands *de novo*, and prosecute the same in the manner and with the expedition before directed; but in case a verdict and judgment again pass against

Bird v. Pace.

such plaintiff the same shall be finally conclusive, and he shall be forever barred and excluded from any other action or suit for the recovery of the same lands, and the right of the defendant shall be thenceforth finally settled and established against such plaintiff, his heirs and assigns, excepting," &c. And by an amendment it is further provided that, "in case a verdict and judgment should pass against him and he should determine to appeal to the Supreme Court, and the said Supreme Court should decide against him, he shall have one year from the decision of said Supreme Court to bring a second action; and in case a second verdict and judgment should pass against said plaintiff nothing contained in the act amended shall be so construed as to prevent an appeal from said second verdict and judgment." , (Hart. Dig., art. 3226, 3233.) From which it appears that the court is expressly prohibited from passing *final* and *conclusive* judgment against the plaintiff's title to the premises in dispute, as was done in this case. But it may be said that the plaintiff in an amendment to his petition asks that his southern boundary be established to run in a certain place, and is thereby now precluded from taking any exception to the decision of the court establishing the boundary against him. To which it may be answered that a prayer in the pleadings cannot confer a jurisdiction which the law withholds. It is admitted that there are cases where courts of equity exercise jurisdiction to fix and settle disputed boundaries; but it is a jurisdiction which has always been viewed with extreme jealousy by equity judges, and the rule now established is "that the court has no jurisdiction to fix the boundaries of legal estates, unless some equity is superinduced by the act of the parties." A mere confusion or dispute between *contiguous* proprietors as to their actual boundaries is not of itself a sufficient ground for the interposition of a court of equity to ascertain and settle them; and the proof shows nothing more in this case. (See White & Tudor, Lead Cas. in Equity, 2 vol., part 1, 510 to 516.)

*A. M. Branch*, for appellees.

MOORE, J. The appellant brought suit to try title and recover.

possession of a league of land, granted in the year 1831, to James Ford; by an amendment to the petition he averred that the southern boundary line of his land, described in the original petition, was about sixty varas north of the dwelling house of the appellee, Pace, and embraced most of the land in cultivation by him, together with his gin-house and other improvements, &c., and prays, in addition to his original petition, that said southern boundary line should be more clearly defined, and established to run as alleged by him. The appellees pleaded not guilty, the statute of limitations, possession in good faith, and, also, that the northern boundary of the Hodge league was the southern boundary of the Ford league, and that the division line between said leagues, when run according to the field-notes in the original grants, includes in the Hodge league the lands in cultivation and improvements made by the appellee Pace; and, also, asked that the true boundary line between the leagues should be decreed by the court to run as alleged by them. A jury was waived by consent, and the issues were submitted to the court, who, after hearing the evidence, gave judgment dismissing the petition, and decreeing the boundary line between the parties as claimed by the appellees.

There was no question, on the trial, as to the validity of the grants under which the parties respectively derive title. The only issue between them was whether the land in dispute was embraced in the grant to Ford or Hodge. Each party introduced evidence tending to establish that the locality of the dividing line between the grants corresponded with their respective allegations. Under these circumstances, although the court has never regarded the finding of the court below, on questions of fact, as entitled to altogether the same weight, as the verdict of a jury; we do not feel called upon to reverse the judgment, unless it was manifestly erroneous. It is not sufficient that the evidence admits of a different conclusion from that at which the court below arrived. Nor that some of the reasons given by the court for its decree, may not be supported by, or may be contrary to, the weight of evidence. There was a conflict in the testimony, and it is by no means clear, to say the least of it, that the judgment was not in accordance with the weight of evidence on the question at issue.

It is intimated by appellant, (though not directly alleged,) that the declarations and admissions of Ford, before the sale by him of the league of land claimed by appellant, relied upon by appellees to establish the beginning corner of the Ford league, were inadmissible for this purpose, upon the ground that a survey cannot be altered or controlled by parol testimony. But the testimony was not introduced for the purpose of changing the survey; but to enable the court to determine what were the true boundaries of the survey as made. For this purpose it was unquestionably admissible. In many courts it has been held that even hearsay testimony may be received with a like view. (1 Greenl. Ev., sec. 145, note 1.) But if the testimony was objectionable, appellant not having excepted to it upon the trial below, cannot now be heard to do so.

It is also insisted that the court erred in finding by its decree the division line between the leagues of land respectively claimed by the parties. It may be questioned whether the decree goes beyond the judgment, that may be appropriately rendered, in an ordinary action of trespass tò try title, involving facts similar to those presented in the present controversy. But if it does, still appellant has no grounds of complaint on this account. By his amended petition he alleged a necessity for a decree of the court fixing the boundary between the two surveys, and prayed that it might be made. No exceptions were taken by the appellees, either to the allegations of the petition, or the prayer; but on the contrary, they amended their answers, and invited of the court the like action. It is argued that the decree of the court, fixing the boundary between the two leagues, may bar or estop appellant from bringing a second action to try the title to the land in dispute, but this question is not involved in the case now before us, and it is not, therefore, one on which, at present, it is proper that we shall express any opinion. There is no error apparent in the record, and the judgment is therefore affirmed.

Judgment affirmed.