## Alfred Moore v. Richard Kennedy.

### No. 6922.

1. **Pleading — Custom.** — The petition alleged an express contract and its viola-
tion. There was conflict in the testimony whether such contract was made. In re-
buttal plaintiff over objection was allowed to prove the general custom. *Held*, that
custom is irrelevant where the issue is upon an express contract, either as original or
as rebutting testimony.

2. **Practice in Supreme Court.** — On appeal where the trial in the lower court
was without a jury the admission of irrelevant testimony is usually not a ground for
reversal, but where it is manifest that the improper testimony had a controlling effect
upon the action of the trial judge the case will be reversed because of such testimony.

3. **Opinion Testimony.**—It was proper to exclude the testimony, "no well driller
would put his tools in a well having iron dropped in it like that described as having
been dropped in the well by the plaintiff." It was but the opinion of the witness, and
the facts upon which it was based were not given.

APPEAL from Tom Green. Tried below before Hon. John C. Ran-
dolph.

The opinion states the case.

*Mays & Wright*, for. appellant.— 1. A declaration in a petition that
the defendant "agreed and promised" would not admit evidence of a
custom from which in a matter of law an implied promise might be in-
ferred.

2. Objections to evidence ought to be sustained where the pleadings
of the party fail to show the opposite party what he will be called upon
to answer and what is intended to be proved, so that he may not be
taken by surprise.

3. A party must plead facts and not conclusions of law. Mims v.
Mitchell, 1 Texas, 446; Ellis v. Singletary, 45 Texas, 27; Thompson v.
Munger, 15 Texas, 523; Wright v. Wright, 3 Texas, 182.

No brief for appellee reached the Reporter.

GARRETT, Presiding Judge, *Section B.*—Richard Kennedy, the
appellee, brought this suit against Alfred Moore, the appellant, for re-
covery of damages on a breach of contract to furnish casing for a well
which the appellee had agreed to drill for the appellant at a stipulated
price, to be paid one-half on the completion of the well and the balance
in a deferred payment. Plaintiff, who is the appellee, set out in his
petition the contract as follows: "Defendant employed and hired
plaintiff to dig and drill a well for the use and benefit of defendant
upon land then owned by the defendant in Tom Green County, Texas,
and the plaintiff so agreed to dig and drill said well, and the defendant
agreed and promised to furnish casing for the same if it should become

necessary in the drilling and digging of said well, and which was to be furnished at defendant's cost and expense."

After alleging the price agreed to be paid by the defendant for said work, the plaintiff further alleged that he immediately went to work under said contract and sunk the well to the depth of 414 feet, when it began to cave, and it became necessary to use casing before he could go any further; that he so notified the defendant, but the defendant refused to furnish the casing. That plaintiff was ready and willing to complete the well, but could not for the want of casing, and that the defendant by reason of said contract and his breach thereof became liable to plaintiff for the depth to which the well had been sunk at the stipulated price.

After a general demurrer and general denial the defendant answered specially that he had never agreed to furnish any casing for the well; that by the terms of the contract the plaintiff was to drill the well to completion at the price alleged in the petition. Other matters of defense were set up which it is not necessary to notice further than that it was alleged that from the crookedness of the well and iron which plaintiff had dropped therein it was impossible to complete the same, no water being had, and the well being dry and useless to the defendant; and that by the fault and unskilled work of the plaintiff it would cost more to get the well in a condition to drill than it would to drill a new well from the surface of the ground to the depth drilled by the plaintiff.

The case was tried by the court without a jury, and judgment was rendered in favor of plaintiff for sinking the well 414 feet at the stipulated price. No conclusions of fact and of law were filed by the court. The contract was oral. It provided for the completion of the well by drilling until the plaintiff procured water. But there is a conflict of evidence as to whether or not the defendant agreed to furnish the casing as alleged by the plaintiff. Plaintiff says that the defendant agreed to do so, and the defendant says that he did not. Clark, a witness for the plaintiff, testified that the plaintiff told him that nothing was said about the casing in the contract; that at the time he (plaintiff) did not think it would be necessary to have any casing. Freeze, a witness in behalf of the defendant, testified substantially the same. He said: "I asked him (plaintiff) if he had a contract with Moore for Moore to furnish casing. He said no, that he had no such contract; that he did not think that the well would need casing."

The court permitted the plaintiff over the objection of the defendant to prove in rebuttal a general custom of the country for a well owner to furnish casing. Defendant saved a proper bill of exceptions, and has assigned error as follows: "The court erred in permitting the plaintiff over the objection of the defendant to introduce evidence to

prove a general custom of this country for the owner of a well to furnish casing in the event it became necessary to enable the contractor to drill said well to completion, because the plaintiff had in his petition declared upon a contract with the defendant to so furnish such casing, and the testimony of the plaintiff was as to an express contract until the above testimony was allowed in rebuttal of the defendant's evidence."

At the depth of 414 feet the well caved so badly that the drill became fastened and it became necessary to use casing for the further prosecution of the work. The plaintiff declared that he was unable to proceed further without casing, and demanded of the defendant that he furnish the same, which the defendant refused to do. It was also shown by the evidence of the plaintiff that he had dropped in the well a piece of casting, a bolt, a nut, and a washer, all of iron; and he and another witness in his behalf testified that the iron in the well would not interfere with the drilling. The defendant offered to prove by three witnesses that no well driller would put his drill in a well and drill therein knowing that the well contained iron of the size and quality that was dropped in the well in question; but on objection by the plaintiff the evidence was excluded, and the defendant excepted to the ruling, because the well had not reached water, as shown by other testimony in the case, and was a dry and useless well to the defendant; that said iron being in the well by the fault of plaintiff, and the defendant being unable to procure the completion of the well, the plaintiff's services were valueless to defendant, and he now presents the question as to the admissibility of such evidence by an assignment of errors.

Did the court err in the admission of the evidence as to custom? Custom is admissible in proof, not for the purpose of establishing a contract, but to add an incident not expressly embraced in it and in reference to which the parties are presumed to have contracted. Lawson on Usages and Customs, 371. The question before us, however, is not whether evidence of custom under proper pleading would have been admissible in this case to show that the defendant had by his contract agreed to furnish the well casing if it should become necessary for the completion of the well, but whether or not the averments in the plaintiff's petition are broad enough to let in proof of the custom. The averments are "that the appellee and the appellant entered into a contract whereby the appellee was to drill for the appellant a well at a stipulated price per foot, and the appellant agreeing and promising to furnish casing for the same in the event it should become necessary in the drilling of said well at his (appellant's) cost and expense." These averments allege an express contract to furnish the casing. If there was not an express agreement between the parties by which the defendant was to furnish the casing if necessary, and the plaintiff relied upon some other fact, as upon a usage or custom, to create an implied con-

tract, it would be necessary for him to plead it in order to let in proof thereof. "The object of pleading is to apprise the court and the opposite party of the facts upon which the pleader intends to rely as constituting his cause of action or ground of defense before the trial is commenced, in order that each party may prepare himself in time with his evidence for the contest, and neither can be held legally bound to answer grounds not averred in the pleadings." Mims v. Mitchell, 1 Texas, 443. According to the Revised Statutes of this State the petition must set forth "a full and clear statement of the cause of action and such other allegations pertinent to the cause as the plaintiff may deem necessary to sustain his suit." Art. 1195.

It was said by the court, Judge Lipscomb delivering the opinion, in McGreal v. Wilson, 9 Texas, 429: "If there is anything settled by this court it is that the allegata and probata must correspond and agree; and no verdict or judgment can be sustained unless there has been an averment to let in such evidence. The express contract being the only one set out and averred in the petition, evidence to support an implied contract could not be received. It would be a variance from the allegata." In that case the plaintiff had declared on an express contract to give the services of two slaves for one year, or the alternative of paying $300. The proof was that the services of such negroes were worth $150 each per year, and the recovery was on quantum meruit, there being no evidence of an express contract.

In the case before us the plaintiff has declared on an express contract with the defendant to furnish well casing, but he has introduced evidence to show an implied contract for that purpose by proof of a general custom in the country by which the defendant would be required to furnish the casing. Nor would proof of custom be admissible to corroborate a witness or contradict a plain fact. Railway v. Gilbert, 64 Texas, 541. We think the admission of the evidence was error.

When a case has been tried by the court without a jury the admission of incompetent evidence will not generally require a reversal of the judgment when there was competent evidence sufficient to authorize its rendition. Beham v. Ghio, 75 Texas, 90; Melton v. Cobb, 21 Texas, 543; 1 Greenl. on Ev., sec. 49. But we are of the opinion from a careful examination of the statement of facts found in the record that the learned judge who tried the case below was influenced in his judgment by the incompetent evidence that was admitted.

It is not necessary for us to consider the appellant's second assignment of error, that the court erred in giving judgment for the plaintiff on the evidence in the case.

There was no error in excluding the evidence as shown by appellant's bill of exception No. 1 and his third assignment of errors. A statement that "no well driller would put his tools in a well having

iron in it like that described as having been dropped in the well by the plaintiff," is the opinion of the witness, and the facts upon which it is based are not given.

Our conclusion is that the judgment of the court below should be reversed and the cause remanded for another trial.

Reversed and remanded.

Adopted May 19, 1891.

Judge FISHER having been of counsel in this case, did not sit therein.