### YOUNG et al. v. ROBINSON et al.

(Court of Civil Appeals of Texas. March 6, 1911.)

1. PRINCIPAL AND AGENT (§ 23*)—PROOF OF AGENCY—EVIDENCE—SUFFICIENCY.

In an action for the purchase price of an engine bought by C., evidence *held* to support a finding that C. was the agent of the defendant.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 23.*]

2. PRINCIPAL AND AGENT (§ 22*)—PROOF OF AGENCY—EVIDENCE—ADMISSIBILITY.

A letter written by an agent is incompetent to prove the fact of agency, where that fact is not shown by other evidence.

[Ed. Note.—For other cases. see Principal and Agent, Cent. Dig. § 40; Dec. Dig. § 22.*]

3. SALES (§ 358*)—ACTION FOR PRICE—EVIDENCE.

Where defendant through his agent purchased an engine from plaintiff's agent, which engine proved unsatisfactory, a letter written by the defendant's agent to the agent of the plaintiff was admissible in evidence to show when and how plaintiff's agent learned that defendant was dissatisfied with the engine.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 358.*]

4. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—EVIDENCE—TRIAL BY COURT.

The admission of incompetent or irrelevant evidence in a trial by the court, where there is other competent evidence to sustain the verdict, is no ground for reversal, unless it appears

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

that the judgment was based upon such incompetent evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

5. SALES (§ 358*)—ACTION FOR PRICE—EVIDENCE—HISTORY OF TRANSACTION.

In an action for the price of a gasoline engine bought by defendant's agent, a letter by the agent, stating that the man who wanted the engine had decided that a certain one was too small and asking the seller to give the writer his opinion on the subject, was admissible as a part of the history of the transaction.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055; Dec. Dig. § 358.*]

Error from District Court, Harris County; Norman G. Kittrell, Judge.

Action by F. M. Robinson and others against J. W. Young and another. Judgment for plaintiffs, and Young brings error. Affirmed.

Hunt, Myer & Townes, for plaintiff in error. Love & Channell, for defendants in error.

PLEASANTS, C. J. This suit was brought by the defendant in error against J. W. Young, the plaintiff in error, and George W. Hawkins, to recover the sum of $739.44, the purchase price of a gasoline engine and attachments sold by Hawkins to Young, the claim for said sum having been assigned to defendant in error, and its payment guaranteed by Hawkins.

The defendant Young answered by general demurrer and general denial, and special plea, in which he avers, in substance, that he agreed to purchase the engine from E. P. Comer, agent of his codefendant, Hawkins, provided it would do the work which said defendant through his said agent guaranteed it would do, and that said defendant was to install the engine and test its capacity, and unless such test was made and its capacity, as guaranteed by said defendant, demonstrated he (Young) was to be under no obligation to accept and pay for said engine; that the said engine after having been installed and tested by said Comer failed to develop sufficient power to do the work which it was guaranteed to do, and this defendant refused to accept it, and notified Comer of this fact. He further specially pleaded that by reason of the failure of said engine to perform the work as guaranteed by Hawkins he was put to large expense and suffered loss in the sum of $3,810, for which amount he prays judgment against defendant Hawkins. By supplemental petition plaintiff denied under oath that Comer was the agent of Hawkins, and alleged that said Comer was agent of defendant Young in purchasing said engine. To this petition Young filed supplemental answer, in which he denied under oath that Comer was his agent or acted for him in the purchase of the engine. The trial in the court below resulted in a judgment in favor of plaintiff against both defendants for the amount of his claim, and in favor of defendant Hawkins that his codefendant, Young, take nothing against him on his cross-action.

The evidence shows that E. P. Comer was employed by plaintiff Young to manufacture the machinery necessary for the operation of a wood sawmill owned by Young and situated at Willow, Tex. The machinery was manufactured by Comer at his shops in Galveston and shipped to Willow and installed in the mill by laborers employed by Young. Comer was not under contract to furnish the engine with which the machinery was to be operated, but he was employed to direct the building of the mill. Young testified: "Mr. Comer was building that mill; he was not working for me by the day; he was working by the job, and I was furnishing the labor. The same with reference to this engine; when he wanted something he did not have, or I did not have, I bought it. I would buy and furnish it to him. We would discuss the matter of what was needed and come to a decision."

Comer and Young discussed the question of what kind of engine should be used in the mill and decided to use one run by gasoline. Upon reaching this decision Comer went to Houston and began negotiations with Hawkins for the purchase of a gasoline engine for Young. From what Comer told Hawkins as to the character and situation of the mill and machinery, he at first thought an 8 horse power engine would be sufficient; but they finally decided on a 12 horse power. When Young was informed of this, he told Comer in order to be sure he had better get an engine of 18 horse power. Comer then wrote or telephoned Hawkins, ordering an 18 horse power engine. The engine was shipped to Young at Willow and received and installed in the mill.

The only complaint made of the engine is that it did not have sufficient power to operate the mill. R. E. Voight, a witness for plaintiff, who assisted Comer in building the mill and was subsequently employed by Young to operate the mill, and who made the tests of the engine, testified: "It was an 18 H. P. Olds gasoline engine. The engine operated—worked—all right, so far as the engine part was concerned. The only trouble was that the mill situated as it was required greater horse power than 18 H. P. engine to operate it. That was the only trouble. I afterwards put a steam engine to it and made it work. I think it took about 45 H. P. to operate that mill. I know there was a 45 gauge or indicator on the engine, but would not say that the mill was operated with 45 H. P. I think it would take about 45 H. P. to actually operate the mill. I do not un-

dertake to say there was anything wrong with this gasoline engine, except that its horse power capacity was too small for that mill."

After trying to operate the mill with this engine for about a month, Young determined to discard it and use a steam engine, and so notified Comer. Hawkins was then informed by Comer that Young would not take the engine. This was the first notice that Hawkins had that the engine was not satisfactory. Hawkins did not guarantee that the engine would operate the mill, and there was no agreement on his part that the sale was not to be consummated until Young was satisfied with the engine. Comer was not his agent, and had no authority from him to make any representation or contract for him with Young. Hawkins never saw defendant Young, and had no direct agreement with him. The sale and shipment of the engine to Young was through Comer and upon his order. Young testified that Comer was not his agent for the purchase of the engine, but that he understood that he was the agent of the seller. Comer was not called as a witness by either party and did not testify on the trial. Young knew that the engine was purchased from Hawkins, or from the company represented by him.

We think these facts authorized the conclusion that Comer was acting for Young in the purchase of the engine, and that Hawkins did not guarantee that it would operate the mill. It not being contended that the engine was not the kind of engine ordered by Comer, or that it was defective in any respect, and it having been delivered to Young, he became liable for its contract price. This conclusion disposes of the appellant's assignments of error attacking the judgment on the ground that it is against the overwhelming preponderance of the evidence, and each of said assignments is overruled.

The appellant by appropriate assignments of error complains of the ruling of the trial court in admitting in evidence the following letter written by Comer to Hawkins: "Sir: I was informed that the engine you sold Mr. Young will not do the work and that he is going to put in a steam engine, so if you would go up there you might make different arrangements." Appellant objected to the introduction of this letter on the ground that it had not been shown that Comer was the agent of Young in the purchase of the engine, that such agency could not be shown by the declarations of the alleged agent, and that it was not claimed that Comer was Young's agent at the time this letter was written. The letter was clearly inadmissible as evidence of the fact of Comer's agency, and if offered for that purpose the objections to its introduction should have been sustained. It was admissible, however, for the purpose of showing when and how Hawkins first learned that Young was dissatisfied with the engine and would refuse to pay for it. It does not affirmatively appear from the record that this letter was offered in evidence or was considered by the court on the issue of the agency of Comer, and there is other competent evidence in the case sufficient to sustain the finding that Comer was the agent of Young in the purchase of the engine. The rule seems to be well established that in the cause tried without a jury the admission of irrelevant and incompetent testimony is not a ground for reversal, when there is competent evidence sufficient to sustain the judgment, unless it affirmatively appears that the judgment was based in whole or in part upon such incompetent evidence. Melton v. Cobb, 21 Tex. 543; Dignan v. Shields, 51 Tex. 328; Bryan v. Shirley, 53 Tex. 461; Clayton v. McKinnon, 54 Tex. 212; Lindsay v. Jaffray, 55 Tex. 640; Railway Co. v. Smith, 74 Tex. 279, 11 S. W. 1104; Behan v. Ghio, 75 Tex. 90, 12 S. W. 996; Moore v. Kennedy, 81 Tex. 147, 16 S. W. 740; Gray v. Shelby, 83 Tex. 407, 18 S. W. 809.

A letter of Comer to Hawkins written before the purchase of the engine, giving a description of the mill and informing him that the man who wanted the engine had decided that an eight horse power engine was too small, and asking him to phone the writer his opinion on the subject, and what size engines he had on hand, was also admitted in evidence over objection of defendant. This letter was admissible as a part of the history of the transaction, and it does not appear from the record that it was considered by the court as evidence on the issue of whether Comer was Young's agent. This is also true of the testimony of Hawkins as to statements made to him by Comer in the negotiations leading to the sale of the engine, the admission of which is complained of by appropriate assignments of error. For the reasons before stated, if any of this evidence was incompetent, its admission is not sufficient ground for reversal of the judgment.

This disposes of all of the questions presented by appellant's assignments of error. We think none of the assignments should be sustained, and that the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.