**FERGUSON v. FERGUSON.** (No. 1096—5336.)

Commission of Appeals of Texas, Section B. Feb. 5, 1930.

Murchison & Davis, of Haskell, for plaintiff in error.

Robert Lee Guthrie and Davidson & Yeager, all of Dallas, and F. L. Henderson, of Bryan, for defendant in error.

SHORT, P. J. The opinion of the Court of Civil Appeals in this case is to be found in 11 S.W.(2d) .214, where a full statement of the case is made.

The suit originated in the county court of Haskell county, being a proceeding by A. M. Ferguson to remove Joe Lee Ferguson as joint temporary administrator with A. M. Ferguson of the estate of K. F. Morton, deceased. This motion was denied in the county court, but having been appealed to the district court, a trial was had without the intervention of a jury, and judgment was rendered removing Joe Lee Ferguson from acting as joint temporary administrator of the said estate. The plaintiff in error, Joe Lee Ferguson, then appealed to the Court of Civil Appeals at Eastland, where the judgment of the district court was affirmed.

There is only one assignment of error to be found in the application for the writ of error, which is as follows: "The court erred in overruling appellant's third assignment of error, thereby holding in effect, that the testimony objected to by appellant on trial of the cause was inadmissible for any purpose and at the same time holding that the admission of such testimony does not constitute grounds for reversal of said cause. Appellant contends that the rule of law should be in cases, like this one, where the rule as to the admissibility of the improper evidence is so grossly violated, that unless it some where appears from the record, as by a qualification of the bill of exceptions by the trial judge, that such improper testimony did not influence the trial judge, the cause should be reversed."

The question presented in this assignment to the Supreme Court is, under our present system, one of law. However, it involved, as presented to the Court of Civil Appeals, a question of fact. Had the Court of Civil Appeals in determining this question of fact decided that the trial judge who tried the case was influenced in his judgment by incompetent evidence it admitted, then the admission of incompetent evidence of a material nature would have compelled the Supreme Court to have reversed the case. In Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740, 741, decided before the adoption of the amendment to the Constitution creating the Courts of Civil Appeals, it is said: "When a case has been tried by the court without a jury, the admission of incompetent evidence will not generally require a reversal of the judgment, when there was competent evidence sufficient to authorize its rendition. Beham v. Ghio, 75 Tex. 90, 12 S. W. 996;

Melton v. Cobb, 21 Tex. 543; 1 Greenl. Ev. § 49. But we are of the opinion, from a careful examination of the statement of facts found in the record, that the learned judge who tried the case below was influenced in his judgment by the incompetent evidence that was admitted."

To the same effect is the opinion in Wagoner v. Ruply, 69 Tex. 700, 7 S. W. 80, 82, wherein it is said: "But if, in the trial of a question of fact by the judge, improper evidence is admitted over formal objections, and there is nothing in the record to show that it was not considered by the judge in deciding the issue, the court on appeal cannot say he was not influenced by the evidence, and hence cannot hold that there was error."

However, in this case it is apparent from the opinion of the Court of Civil Appeals which, under our present system, is the exclusive judge of the facts proven and of the sufficiency of the testimony, that this question of fact has been decided adversely to the contention of the plaintiff in error. The Court of Civil Appeals, on this subject, says: "We cannot bring ourselves to believe that these 'exceptions and objections.' expressed as they were in high-sounding adjectives and superlative terms, in any way influenced the court in arriving at its judgment."

The Supreme Court is bound by this finding of fact, and in disposing of this case we must assume that the trial court was not influenced by this illegal testimony in arriving at its judgment.

It is true that the Court of Civil Appeals correctly held that the testimony to which objection was made was inadmissible for any purpose, but we are of the opinion that the further holding of the Court of Civil Appeals that in a trial before the court without a jury it will be presumed that only competent evidence influenced its judgment is correct under its finding of fact on this subject. We have read the statement of facts, which comprises more than 300 typewritten pages, and have reached the conclusion that excluding this admitted improper testimony, the findings of fact by the trial judge, as stated in his judgment, removing the plaintiff in error as temporary administrator, to the effect that he had failed and refused to obey the orders of the court and had handled the estate with gross neglect and mismanaged its affairs, is sufficiently supported by competent legal testimony. We do not find in the record any objections that these findings of fact are not sufficiently supported by testimony, nor do we find in the record any objections to the admission of any other testimony, except that stated in the assignment of error. In the absence of objection to the sufficiency of the findings of fact by the court, as stated in its judgment, and in the absence of any objections to the admissibility of other testimony in the case, the findings of fact by the Court of Civil Appeals are unassailed, and must be taken at the value placed upon them by that court and the trial court under these circumstances. As said by the Supreme Court in Lindsay v. Jaffray, 55 Tex. 640: "This case having been tried before the court without a jury, the rule applies, that, when there is sufficient competent evidence to sustain the judgment, it will not be reversed on account of the erroneous admission of evidence. Clayton v. McKinnon, 54 Tex. 206; Melton v. Cobb, 21 Tex. 539; Beaty v. Whitaker, 23 Tex. 526; Smith v. Hughes, 23 Tex. 248. If the testimony objected to, and which was admitted, be disregarded, it does not appear that the judgment was manifestly erroneous, which must appear where the cause has been submitted to the court without a jury, to warrant a reversal. To authorize a reversal in such case, it is not sufficient that the evidence admits of a different conclusion from that at which the court arrived; nor that some of the reasons assigned for its decree by the court below may not be sustained by the evidence, or may be contrary to the weight of the evidence.' Bird v. Pace, 26 Tex. 487."

Moreover, it clearly appears from the statement of facts, which we have carefully read, that no other judgment could have been rendered by the trial court than that it did render. The competent testimony is without contradiction and establishes, beyond question the material allegations in the complaint filed by the defendant in error. The administrator of this estate, the plaintiff in error in this case, received his authority to act as such from the probate court duly specified in the order making the appointment. This case originated in the probate court, where an adverse judgment was rendered against the defendant in error, and finally reached the district court. Upon a trial before the judge only, after hearing all the testimony offered by the parties, a judgment was rendered adverse to the plaintiff in error, in which judgment there is a recitation to the effect that the plaintiff in error failed and refused to obey the orders of the court, and that he had handled the estate with gross negligence and had mismanaged the estate. These findings of fact, supported by the uncontradicted testimony, fully justify the judgment of the court decreeing the removal, as temporary administrator of the estate of the deceased, Kate F. Morton. It is true that the admission of improper testimony over objection, even in a nonjury case, is ground for reversal, where it does not reasonably appear certain that the result would have been the same, had it not been admitted.

In this case these findings of fact, to which we have adverted, are not challenged, not-

withstanding the plaintiff in error had the privilege of requiring the trial judge to file his findings of fact and conclusions of law, and to have followed that procedure with a bill of exception showing that the findings of fact were without sufficient support in the testimony. As we have seen, this could not have availed the plaintiff in error anything in this case, for the reason that the testimony is amply sufficient to sustain the findings of the trial court, and in addition, there is not to be found in the record any fact even inferentially controverting the testimony upon which these findings of fact are based. Schleicher v. Markward, 61 Tex. 99; Andrews v. Key, 77 Tex. 35, 13 S. W. 640; Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740.

Since it clearly appears that the admission of the improper evidence could not have affected the decision of the trial court, and since the record affirmatively shows that no other judgment, under the competent evidence, could have been rendered, the error committed by the trial court, in admitting the incompetent testimony, is not such an error as requires the reversal of the judgment of the Court of Civil Appeals and of the district court, and we therefore recommend that these judgments be affirmed.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.