## CURRY et al. v. ABBOTT et al.

### No. 3124.

Court of Civil Appeals of Texas.

Waco.

Jan. 28, 1954.

Rehearing Denied March 4, 1954.

A. M. Huffman, Beaumont, W. J. Tullos, Orange, for appellants.

A. L. Bevil, Kountze, Terrill Buchanan, Silsbee, for appellees.

TIREY, Justice.

This suit is an action in trespass to try title brought by appellants against appellees to recover 320 acres of land out of the James Blythe League in Hardin County, such tract of land having been conveyed by James Blythe to Alexander Graham on August 22, 1857, which the parties call the "Graham tract". Appellees disclaimed all interest in and to the Graham tract save and except that portion which may be in conflict with the north one-half of a 200 acre tract conveyed by D. M. Jordan, agent for James Blythe, to Jesse W. Daniel, this deed bearing date July 17, 1875, and this tract the parties have called "the Daniel tract". Appellees also pleaded a regular chain of title, together with various statutes of limitation, and further that they were innocent purchasers for valuable consideration without notice of any prior sale by James Blythe of any portion of the 200 acre tract designated as the Daniel tract. The case (non jury) was tried on the 4th of March, and on the 17th of March the court entered its judgment wherein it found in effect that the appellants had a regular chain of record title to the tract of land designated as the Graham tract and gave them judgment on appellees' disclaimer for all of this tract except that part of the Graham tract found to be in conflict with the Daniel tract; that appellees had a regular chain of record title to the north one-half of the Daniel 200 acres and found that there was a conflict between the two tracts of land to the extent of 531.25 varas north and south and 493⅓ varas east and west. The record titles of appellants and appellees to their respective tracts of land are not questioned in this appeal. The court further found that there was a conflict between the Daniel tract and the Graham tract to the extent of 531.25 varas north and south and 491⅓ varas east and west, and that appellees had matured title thereto by limitation, and further that they were innocent purchasers for value and without notice of the deed from James Blythe to Alexander Graham by reason of their purchase of the Daniel tract at the time when the Graham deed was not of record. The court's finding in this behalf appears to be based on the fact that the evidence is without dispute that the deed from James Blythe to Alexander Graham was dated August 22, 1857, and this deed was withheld from the records and was not filed until May 11, 1910, whereas the deed from James Blythe to Daniel was dated July 17, 1875 and was filed for record October 22, 1875 and was duly recorded in the deed records of Hardin County. The court gave appellees judgment for the north 100 acres of the Daniel tract. Appellants duly excepted to the action of the court in so doing and perfected their appeal and the cause is here on transfer order entered by our Supreme Court.

At appellants' request the trial court filed findings of fact and conclusions of law. We quote the pertinent parts:

"The defendants disclaimed the land in controversy save and except that portion of the land sued for in conflict with the J.

C. Daniel 200 acre tract of land in the James Blythe League, described in Deed recorded in Vol. G, page 90 of the Deed Records of Hardin County, Texas, introduced in evidence.

"The land in controversy begins at the southwest corner of McMinn Tract in said Blythe League and includes a strip of land 493 varas east and west by 3684 varas north and south, which north and south course extends from the south line to the north line of said league; that the land sued for is known as the Alexander Graham tract and joins the McMinn tract on the west; that the J. C. Daniel 200 acre tract also joins the McMinn tract on the west and extends west 1062.5 varas;

"That the defendants claim the north 100 acres of the J. C. Daniel 200 acre tract;

"That the land claimed by plaintiffs, the Graham tract, is in conflict with the north 100 acres of the Daniel tract claimed by the defendants, 531.25 varas north and south by 493⅓ varas east and west;

"That the plaintiffs have a regular chain of title, claiming under a deed from James Blythe to Alexander D. Graham, dated the 22nd day of August, 1857, but was withheld from the records until May 11, 1910, when recorded in Vol. 53, page 340, of the Deed Records of Hardin County, Texas;

"That the defendants have a regular chain of title, claiming under deed dated July 17, 1875, from James Blythe, by his authorized agent, filed for record October 23, 1875, and recorded in Vol. G, page 90, of the Deed Records of Hardin County, Texas, deed from J. C. Daniel and wife to T. C. Jordan dated November 7, 1889, filed for record January 13, 1890, and recorded in Vol. P, page 310, of the Deed Records of Hardin County, Texas, and deed from T. C. Jordan to W. F. Cotten, Sarah Jordan et al., dated in March, 1902, filed for record the 27th day of March, 1902, and recorded in Vol. 7, page 284 et seq., of the Deed Records of Hardin County, Texas;

"That the title to said north 100 acres of the said J. C. Daniel 200 acre tract passed to the said Sarah Jordan by said deed from T. C. Jordan, and that the defendants named herein are the heirs and only heirs of Sarah Jordan;

"That the said J. C. Daniel, Jessie W. Daniel, Jessie C. Daniel and Jesse Daniel is one and the same person;

"That J. C. Daniel married Missouri Jordan in the year of 1874, and took possession of said 200 acres of land, used and cultivated the same each and every year up to and including the year of 1892, the last three years with the consent of T. C. Jordan;

"That the said J. C. Daniel paid a valuable consideration for said land at the time he so purchased same without actual, constructive or any other notice of the deed from James Blythe to Alexander D. Graham, of August 22, 1857, but not recorded until May 11, 1910;

"That T. C. Jordan paid to J. C. Daniel a valuable consideration for said land on the 7th day of November, 1889, without notice, actual, constructive or otherwise, of the deed from James Blythe to Alexander D. Graham, dated the 22nd day of August, 1857, but withheld from record until May 11, 1910;

"That Sarah Jordan paid a valuable consideration for the north 100 acres of said Daniel 200 acre tract in March, 1902, and without notice of the deed from James Blythe to Alexander D. Graham, as above stated;

"That the defendants herein have paid all taxes due on said 100 acres of land, and paid said taxes for more than 25 consecutive years, each and every one of said 25 years when due and before delinquency;

"That the plaintiffs, and those whose title they hold, and under whom they claim, have never paid taxes on said land, or any part thereof, for any period of time;

"That the defendants, and those whose title they hold, and under whom they claim, lived upon said land, used, cultivated, enjoyed and claimed the same continuously, peaceably and adversely for more than 10

consecutive years under title and color of title, from the sovereignty of the soil, recorded in the Deed Records of Hardin County, Texas, before plaintiffs' cause of action accrued and before the filing of this suit;

"That the defendants, and those under whom they claim, and whose title they hold, patrolled and exercised dominion over said land, paying all taxes on said land before delinquency, claiming said land under duly recorded deeds from the sovereignty of the soil for more than 25 consecutive years.

"From the above, it is the conclusion of the court that the law is with the defendants."

The judgment is assailed on 15 points. They are substantially: The error of the court (1) in admitting in evidence the plat designated as defendants' exhibit 11, because said plat was not made by a surveyor from actual work on the ground, but by a layman from the field notes found by him in the office of the County Clerk without any verification whatever on the ground as to their correctness; (2) in finding that the J. C. Daniel 200 acre tract joins the McMinn tract on the west and extends west 1,062.5 vrs. for the reason that the field notes do not give it an adjoinder with the McMinn tract, nor is there any competent evidence in the record to show such an adjoinder; (3, 4 and 5) in finding as a fact that the Daniel 200 acre tract was in the form of a square, the major portion of which joins the McMinn on the west and extends west 1,062.5 varas, being a part of the land claimed by appellants, is in conflict with the 100 acres claimed by the defendants, 531.25 varas north and south by 493⅓ varas east and west, and that neither the field notes of the Graham tract nor the Daniel tract show such conflict, and that since there is no conflict or interlock in the Graham and Daniel tracts, appellees had not matured title by limitation for the reason that the Graham title is senior to the Daniel title, and that appellees were not in actual possession of any part of the interlock; (6) since there is no conflict in such tracts that appellees' predecessors were not innocent purchasers for value and without notice of that part of the Graham tract in conflict with the Daniel tract; (7) that appellees were not innocent purchasers of the property in conflict because the deed from Blythe to Graham contains no information that would give notice that the Daniel tract conflicted therewith; (8) that appellees were not innocent purchasers of the tract in conflict for the reason that there is no evidence that either J. C. Daniel, T. C. Jordan or Sarah Jordan had notice of the existence of the Alexander Graham deed at the time of their respective purchases of the Daniel tract; (9) that appellees' predecessors in title were not innocent purchasers of the tract in conflict because there is nothing in the description in the Daniel tract to show that it includes any part of the Graham tract, and the deed does not purport to include any part of the Graham tract, and the deed from James Blythe to Alexander Graham, if it had been recorded, would not have given any notice of a conflict; (10) in admitting in evidence the deed from D. M. Jordan, administrator of the estate of James Blythe, to S. B. Turner and P. S. Watts, dated August 22, 1882, for the reason that it is junior to the deed from James Blythe to Alexander Graham, and because it does not purport to convey any of the land in controversy and specially excepts therefrom the Pittman and Daniel tracts; (11, 12) in admitting in evidence report of Commissioners in Cause No. 361, Robert Blythe v. S. B. Turner, dated October 5, 1891 and the plat containing defendants' exhibit No. 6 for the reason that said cause appears to be one for partition in which it is not shown that plaintiffs or their predecessors in title to the Graham tract were parties, and the further reason that it is not shown that such plat is a true and correct delineation of the land as same is located on the ground or that the plat was made by any party familiar with such location; (13) in admitting in evidence the judgment in Cause No. 361, supra, and designated defendants' exhibit 8, for the reason that it is not shown that appellants or their predecessors in title of the Graham tract were parties thereto, and because it does not purport to deal with the land in controversy; (14) in admitting in

evidence certain exhibits from the report of the Commissioners in Cause No. 773, shown in defendants' exhibit No. 9, dated October 11, 1902, for the reason it is not shown the nature of the proceeding in which such report was filed, nor the authority of the Commissioners to make and file same, nor does it purport to deal in any manner with the Alexander Graham tract or show that the owners of the Graham tract were parties to the proceeding; and (15) in finding that appellees exercised dominion over the Daniel tract for more than 25 consecutive years and in rendering judgment in defendants' favor.

 We are not in accord with any of the foregoing points and each is overruled. The Statement of Facts consists of 130 pages, together with various maps and plats relating to the subject matter of this litigation. These exhibits and the testimony tendered have been considered very carefully. It is our view that the evidence tendered is ample to sustain the findings of the trial court. Accordingly, we are bound by the following rule: "* * * the judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it and that a court of civil appeals cannot substitute its findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings." See Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, point at page 977; Woodward v. Ortiz, Tex.Sup., 237 S.W.2d 286. See also cases in 4 Tex. Dig. under Appeal and Error, ©⇒1010. Nor do we find any error as to admission of the documentary evidence complained of by appellants. Assuming without deciding that some of the documentary should not have been admitted in evidence, we think that appellants' complaints come under the general rule that when a cause is tried before the court without a jury, the admission of illegal evidence is not cause of reversal when there is sufficient legal testimony to justify the court's finding. This is the rule stated by our Supreme Court in Schleicher v. Markward, 61 Tex. 99, point at page 102; Ferguson v. Ferguson, Tex.Com.App., 23 S.W.2d 673. Our view of the entire record is that the findings of fact made by the trial court are inescapable, as well as the applicable law.

Accordingly, the judgment of the trial court is affirmed.