Greenwood S. WOOTEN et ux., Appellants,

v.

Mrs. Charles S. CLARK, Appellee.

No. 10291.

Court of Civil Appeals of Texas.

Austin.

March 2, 1955.

Rehearing Denied March 23, 1955.

Dan Moody, Jr., Austin, for appellants.

Coleman Gay, Austin, for appellee.

HUGHES, Justice.

Appellants, Greenwood S. Wooten and wife, brought suit against Mrs. Charles S. Clark to enjoin threatened breach of the following restrictive contractual covenant:

"No improvement shall be erected, altered, placed, or be permitted to remain on any residential building plot other than one one-family dwelling not to exceed two and one-half stories in height, together with customary servants quarters and garage * * *."

Both parties own separate tracts of land subject to such restriction and its validity and enforcibility, as between themselves, is not questioned.

Trial was nonjury and resulted in a take nothing judgment for appellants. There were no findings of fact.

It is undisputed that appellee was preparing to build a residence on her lot and that she had plans drawn for such purpose. The original plans called for two complete kitchens and the amended or revised plans called for only one kitchen and a "snack bar." A kitchen in the first plans was converted into the "snack bar" principally by elimination of a sink and a stove outlet and plumbing and wiring incident thereto. Also the original kitchen area was diminished and the floor to ceiling walls eliminated and half walls substituted, the "snack bar" being included in a so-called recreation room.

Mr. Brush, a licensed architect and witness for appellee, testified regarding the "snack bar":

"Q. Let's talk about what is necessary. If we put a sink in and an outlet for a stove, then you say this would be a kitchen? A. Yes.

"Q. And if we put those two things in, wouldn't this be a two-family dwelling? A. Yes."

Appellants contend that as a matter of law the house which appellee proposes to build is a two family dwelling. Appellee's position is that the question was one of fact which was determined adversely to appellants by the trial judge upon sufficient evidence.

Mr. Brush after having examined the revised plans for the house testified that in his opinion they were drawn for a one family dwelling. He defined a two family dwelling as one having "two separate and distinct living units, entirely separated and self contained," explaining that by this he meant that each unit should have kitchen, bath, sleeping quarters and generally, if new construction, without interior communication between units.[1]

I. The plans show a hall common to doors leading to each side of the house.

Mr. Earl Kiger, an instructor in drawing in the Engineering School at the University of Texas, who drew both sets of the plans for appellee's house testified that the house was a one family dwelling. He testified that the two front doors were because appellee wanted access to the recreation room, where the "snack bar" was, without "going around to the front or the back." The interior of the house was designed, so he said, in order that with servants residing in the house that desired separation could be maintained.

We quote from Mr. Kiger's testimony:

"Q. Mr. Kiger, if you were designing this house for occupancy by two families as separate units, would you or not have that connecting door between the two? A. No, I would not.

"Q. Would you or not have a separate kitchen? A. Yes.

"Q. Would you or not have a larger kitchen than you have shown there? A. By all means.

"Q. Would it be possible for people to use that as a kitchen with the present electrical outlets? A. No, it would not.

"Q. Why not? A. In the first place, it would only be convenient for a hot plate, since there is no 220 outlet in the kitchen and there is no sink.

"Q. Is there any water connection in there? A. No, sir, none."

Another matter of some weight is that when a permit was granted by the City of Austin on the original plans the house was styled a duplex the evidence showing that "They [the City] said that as soon as two kitchens appear in any structure that that qualifies it as a duplex in their eyes." Upon the plans being revised and submitted to the City the permit was amended so as to authorize construction of "a one family residence only."

Without attempting to describe the house plans in detail we observe that, in general, they call for a single story brick house divided into two units, connected by doors leading into a common hall, each unit having separate front and rear entrances. The more spacious and commodious unit has reception hall, two bedrooms, two baths, dressing room, powder room, combination living and dining room, combination breakfast room and kitchen, den, utility and other closets. The lesser unit has one bedroom, one bath and the combination "snack bar" and "recreation room."

■ We are satisfied that the evidence is sufficient to sustain the implied finding of the trial court that this structure is, according to the revised plans, a one family residence. Appellants argue that since the house may be easily altered into a two family residence that it is, as a matter of law, a two family dwelling. We cannot agree that facility of conversion is a proper criterion for determining this issue. The question is simply whether the house is or is not a two family residence—not what it can be changed to in the future nor the difficulty or ease in so doing.

Appellants assert reversible error was committed below in admitting evidence, over their objection, concerning the use which appellee intended to make of the house. She was permitted to testify that she did not intend to rent it but that she only intended to use it for own benefit and the benefit of her family.

■ We agree with appellants that this evidence was inadmissible upon the legitimate premise that a two family dwelling cannot be sanctioned under the provisions of the restrictive covenant by proof, no matter how conclusive, that but one family will occupy it.

■ Appellee, citing Victory v. State, 138 Tex. 285, 158 S.W.2d 760, contends that even if there was error in receiving this evidence the presumption obtains that the court founded his judgment on the competent testimony in the record. We concede that such is the rule in cases where inadmissible evidence is received without objection or where the trial judge after receiving inadmissible evidence reverses his

ruling or in some other manner indicates that he did not rely on such evidence.

We believe, however, that the opposite presumption prevails here and that we must presume that the trial judge did consider such inadmissible evidence. This does not mean that reversal is automatic. The true rule in such cases is that where the issue is close and it is apparent from the record that the evidence improperly admitted might have influenced the judgment the case should be reversed. Moore v. Kennedy, 81 Tex. 144, 147, 16 S.W. 740, D'Arrigo v. Texas Produce Co., Tex.Civ.App., 31 S.W. 713, Foster v. Buchele, Tex.Civ.App., 213 S.W.2d 738, Fort Worth, writ ref. n. r. e.

While appellant, Mr. Wooten, was being cross examined he testified without objection:

"Q. As I understand it, your objection to the house then is that it could be changed comparatively easy? A. That is one of them; that is one of them. The main one is the looks of the house with the two entrances, and I feel sure that it is going to be used as a two-family dwelling.

"Q. Well, that is just your own suspicion, is it not? A. Possibly. That might be right.

"Q. You mean you think in your own mind that two families are going to occupy that house, do you? A. Yes, sir."

Appellee's witness Kiger also testified without objection:

"Q. Did you ever get any indication Mrs. Clark [Appellee] had any idea of renting any part of this house? A. No, sir."

The testimony of these two witnesses was prior to admission of the testimony to which objection was made.

We are aware of the rule that admission of inadmissible evidence without objection does not authorize admission over objection of inadmissible rebuttal evidence. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379. However in considering the effect of the evidence improperly admitted over objection upon the trial judge we cannot overlook the fact that it was in rebuttal of an irrelevant issue initially and voluntarily injected into the case by Mr. Wooten in making an unresponsive answer to a proper question. We believe that the action of the trial judge in admitting this evidence can be attributed to a sense of fairness in permitting appellee to deny the suspicions expressed by Mr. Wooten rather than to any particular weight given such evidence in the rendition of his judgment.

Considering the record as a whole we are of the opinion that reversal is not required under the rule applicable to nonjury trials. The fact issue, in our opinion, was not close and it is not apparent from the record that such evidence in any probability influenced the trial judge in his judgment.

Appellants' last point is that the court erred in refusing to grant their alternative plea to enjoin future conversion of the house into a two family dwelling.

We find no evidence in the record of any threatened alteration or conversion of the house into a two family dwelling. Injunctive relief should be sought and granted only to prevent imminent injury. The time to seek such relief here will be when the conversion is threatened. Needless to say our judgment herein is without prejudice to such relief being sought in the future upon a proper showing.

The judgment of the trial court is affirmed.

Affirmed.