## ETTA M. BRECK V. C. H. COFFIELD ET AL.

### Decided February 14, 1906.

**1.—Community Property—Survivor—Judgment.**

A judgment awarding a recovery of a named sum against the surviving wife of the maker of a note sued on, though it directs execution to issue against the community estate of her and her husband, is a personal judgment against such surviving wife, authorizing execution for its amount against her property; it is not supported by allegations in the petition that the husband died intestate and that there was no administration or necessity of administration upon his estate which had gone into the hands of the wife; to authorize such judgment the petition should show the value of the property which came to her.

**2.—Judgment—Process—Control by Court.**

The court rendering a judgment has power, at a subsequent term, to direct process to enforce it, and, if the judgment rendered against a surviving wife on a community debt was a personal one, it could later award execution against her personally, though the original judgment only directed its issuance against the community property.

Error from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Cochran & Penn,* for plaintiff in error.—The death of Joseph Breck being alleged, it was necessary to have given a description of the property and shown that the same was within the jurisdiction of the court, and to have claimed and sought to have enforced a lien against the specific property taken possession of by the plaintiff in error, and which was subject to the payment of his debts, and unless the petition contained all of these necessary features no cause of action was therein alleged against the plaintiff in error. Blinn v. McDonald, 92 Texas, 604; Dunlap v. Southerlin, 63 Texas, 38.

*Jno W. Brady* and *Wallace & Camp,* for defendants in error.—A petition against the surviving wife alleging that the husband died intestate, that there was no administration on his estate, that he left an estate which is in the possession and control of such surviving wife, and praying for a judgment against such surviving wife, and for execution against the community property, will support a judgment against such survivor by default, as against the community property. Rev. Stats., art. 2220; Ross v. O'Neil, 45 Texas, 659; Wall v. Clark, 19 Texas, 325; 1 Texas App. Civ., sec. 66; Speer's Law of Married Women, secs. 398, 399, and authorities there cited.

The judgment does not run against the plaintiff in error personally, or against the separate estate of Joseph Breck, deceased, but only against the community estate of herself and her said husband in her possession.

KEY, ASSOCIATE JUSTICE.—C. H. Coffield instituted this suit against the Austin Ice & Bottling Company, J. P. Hamer and Mrs. Etta M. Breck, seeking to recover the amount due on a promissory note. When the case was called for trial the plaintiff dismissed as to the Austin Ice & Bottling Company, and the other defendants having failed to an-

swer, took a judgment by default against them. Mrs. Breck has brought the case to this court by writ of error, and asks a reversal of the judgment upon several assignments of error.

We sustain the third, fourth and sixth assignments of error, which assert that the plaintiff's petition failed to assert any cause of action against Mrs. Breck. She was not a party to the note sued on, and it was sought to hold her liable upon averments that her husband, Joseph Breck, who was a guarantor upon the note, had, since its execution, died; that there was no administration upon his estate, and no necessity therefor, and that Mrs. Breck, the plaintiff in error, "has received and is in possession of the estate and assets owned by the said Joseph Breck at the time of his death, and that thereby, and premises considered, she became liable, and promised to pay plaintiff the full amount of said note, according to its legal tenor and effect." The judgment recites the existence of the facts alleged in the plaintiff's petition, and then reads as follows:

"It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff, C. H. Coffield, do have and recover of and from the defendant J. P. Hamer, individually, and the defendant Mrs. Etta N. Breck, as surviving wife and widow of said Joseph Breck, deceased, the said sum of twelve hundred and ninety-five and eighteen one-hundredths dollars ($1,295.18), with interest thereon from this date until paid at the rate of eight percent per annum, for which let execution issue against the property of J. P. Hamer and against the community estate of said Joseph Breck, deceased, and the defendant Mrs. Etta N. Breck."

As the petition failed to allege the amount or value of the property of Joseph Breck now in the possession of Mrs. Breck, it did not authorize a personal judgment against her for any sum. Counsel for the defendant in error attempt to answer this objection with the proposition that a petition against a surviving wife, alleging that the husband died intestate, and that there was no necessity for nor administration upon his estate which had gone into the hands of the surviving wife, will support a judgment against her, to be satisfied out of the community property. If the judgment in this case was so limited, this answer might be sufficient, but the court below rendered a personal judgment against Mrs. Breck for $1,295.18; and, as we construe it, that judgment rests against her separate property as well as the community estate of herself and her deceased husband. If it had, in specific terms, declared that a surrender by her of all of the community property should discharge her from liability, or had specifically decreed that her separate property should not be liable for the debt, perhaps the judgment could be sustained; but such are not its terms and purport. An adjudication of the rights of the litigants, as presented by the pleadings, constitutes a final judgment; and article 2324 of the Revised Statutes makes it the duty of the clerk to issue executions for the enforcement of all final judgments. Hence it would seem that when a moneyed judgment is rendered against a party the clerk has the power, unless the judgment itself prohibits him from so doing, to issue an execution against such party for the enforcement of the judgment, and the mere fact that the judgment directs execution to issue against a

particular fund does not authorize the conclusion that it was intended to prohibit the issuance of an execution as in other cases.

Furthermore, when a court has rendered a judgment fixing the rights of the parties, it has the power at a subsequent term to direct the issuance of process to enforce the judgment. (Smith v. Miller, 66 Texas, 78.) So in this case, the court having rendered judgment against Mrs. Breck for $1,295.18, if it should be held that the clerk is not now authorized to issue an execution against her, the court may hereafter make an order directing the issuance of such process. Also, if this judgment remains in force, no reason is perceived why it would not constitute a valid claim against Mrs. Breck's estate after her death, and to be paid in due course of administration.

We rule against the plaintiff in error on all the other questions presented in the briefs; but, on account of the fundamental error referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*