### P. B. HAIGHT & COMPANY v. TURNER & PIERCE.

#### Decided December 22, 1906.

**1.—Assignment of Error—Sufficiency.**

An assignment of error which is sufficiently specific to enable the court to see that a particular ruling is complained of should be held good, although it fails to state the reason why the ruling is erroneous; such reasons find their proper place in the propositions, statements and authorities under the assignment.

**2.—Sequestration—Damages—Charge—Double Recovery.**

When, in a sequestration suit, the pleading showed that the property seized was the joint or partnership property of the defendant partnership, it was error for the court, by its charge, to authorize a recovery of the entire amount of actual and exemplary damages by one member of the partnership, thereby permitting a double recovery by such member, it appearing that the damage accrued to the partnership and not alone to the individual member.

**3.—Erroneous Charge—Absence of Statement of Facts.**

As a general rule an assignment of error, based upon an error in the charge of the court, will not be considered in the absence of a statement of facts, but it is otherwise when it is apparent that the verdict is not warranted by the pleadings.

Error from the District Court of Dallas County.   Tried below before Hon. Thos. F. Nash.

*Finley, Knight & Harris,* for plaintiffs in error.

*Morris & Crow,* for defendant in error I. T. Pierce.—It is not a compliance with the requirements as to assignments of error to say a charge is erroneous, and copy it, without pointing out the error.   Rev. Stats., 1895, art. 1018; Rules 24, 25 and 26, Court of Civil Appeals; Union Cent. Life Ins. Co. v. Chowning, 86 Texas, 660; Texas & Pac. Ry. Co. v. Donovan, 86 Texas, 378; Gulf, C. & S. F. Ry. Co. v. Warner, 36 S. W. Rep., 119.

In the absence of a statement of facts, the court will review no assigned error based on the action of the trial court in giving or refusing charges.   Raleigh v. Cook, 60 Texas, 438; White v. Parks, 67 Texas, 605; Osborne v. Prather, 83 Texas, 211.

The charge of the court as given conforms to the facts as plead.   The person in possession of personal property, if his possession is disturbed, may recover same, or damages for the taking.   Possession is *prima facie* evidence of title against a wrongdoer.   Grooms v. Rust, 27 Texas, 231.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by plaintiffs in error in the Fourteenth Judicial District Court of Dallas

County, Texas, on May 9, 1904, to recover an indebtedness due them by defendants in error in the sum of $1,258.50, and to foreclose a mortgage upon certain personal property. Affidavit and bond having been filed, sequestration was prayed for, and was issued and levied upon certain property belonging to defendants in error. Turner & Pierce and L. K. Turner filed a appearance and waiver on May 10, 1904. This was done by L. K. Turner for the firm of Turner & Pierce. Turner & Pierce and I. J. Pierce filed an original answer on September 12, 1904, consisting of general denial and a plea that said firm was dissolved on April 25, 1904, and a denial that any valid mortgage was ever executed by Turner & Pierce upon the property sought to be sequestered. They further alleged that the property in possession of L. K. Turner belonging to Turner & Pierce was not seized, but that the plaintiffs, P. B. Haight & Company, with intent to wrong and injure I. J. Pierce and Turner & Pierce, and "having no mortgage or lien on said property against this defendant, made a false and fraudulent affidavit charging that they feared defendants would injure, ill-treat and destroy said property during the pendency of the suit," and thereby obtained said writ of sequestration and had said property seized. They alleged that said affidavit was false and fraudulent and that said property was wrongfully seized; that plaintiffs entered into a conspiracy with L. K. Turner to wrong and injure and defraud Pierce and Turner & Pierce, whereby they had been actually damaged in the sum of $425; and further, that the sequestration was sued out on an affidavit false in itself, and that such was done wrongfully, fraudulently, maliciously and vindictively, to ruin and crush him, said Pierce, in total disregard of his rights, and for such wrongful acts the defendant Pierce prayed for exemplary damages in the sum of $2,000; and he prayed for cancellation of the $2,000 note dated May 1, 1903, due October 1, 1904, alleged to be in possession of Turner & Pierce, and held as collateral security by them; or, in the alternative, for judgment for said amount.

The case was tried on November 29, 1905, in the absence of P. B. Haight & Company and in the absence of L. K. Turner, and resulted in a verdict and judgment for defendant, I. J. Pierce, against the plaintiffs, P. B. Haight & Company, a firm composed of P. B. Haight and E. E. Webster, jointly and severally, in the sum of $463.95 as actual damages, and the further sum of $750 exemplary damages.

Plaintiffs filed their motion to set aside said judgment and for a new trial on December 8, 1905. Said motion was by the court overruled, to which ruling the plaintiffs then and there excepted and gave notice of appeal.

On January 11, 1906, petition for writ of error was presented and filed, and writ of error bond filed and approved, and defendants L. K. Turner and I. J. Pierce, waived issuance of citation in error and service thereof and accepted notice and service of citation in error, and on the same day plaintiffs in error filed their assignments of error upon which a reversal of the judgment is sought.

The plaintiffs in error assail the first paragraph of the court's charge, which reads: "If you find and believe from the evidence that the defendant Pierce and his former partner, L. K. Turner, had paid the debt to Haight & Company on which this suit was brought, before the

writ of sequestration was levied on the horses, buggies and harness mentioned in said defendant Pierce's answer, you will find for said defendant against the plaintiff as actual damages, the market value of the property at the time of the levy of the writ upon it, with interest at six percent per annum from the 9th day of May, 1904, and you will also find in that count in favor of defendant Pierce, that the $2,000 note alleged to have been given to plaintiff as security for the debt, which defendant Pierce alleges to have paid, should be returned to him, or if said note is not returned to him by the plaintiff he should have judgment for the amount of the same, $2,000, with interest at ten percent per annum from May 13, 1903. If you find and believe from the evidence that the suit was brought by plaintiff by collusion of L. K. Turner and for the purpose of harassing defendant Pierce, that it was brought with a malicious and vindictive spirit, you may, in your discretion, find exemplary damages against plaintiff in such an amount as you believe the circumstances will justify."

Defendant in error contends that this assignment of error is not a distinct specification of error such as is required by the statute and the rules in that it does not point out the error, but only alleges that there is error in the charge, and for this reason the assignment ought not to be considered. In other words, that it is not a compliance with the requirements as to assignments of error to say a charge is erroneous and then copy the charge, without pointing out the error. A similar contention was made in the case of Clarendon Land Co. v. McClelland Bros., 86 Texas, 179, and it was there said that, "where an assignment of error is sufficiently specific to enable the court to see that a particular ruling is complained of it should be held good, although it shall fail to state the reason why such ruling is claimed to be erroneous. An assignment may be brief and yet specific and therefore brevity in such case is commendable and accords with good practice. The reasons by which allegations of error are sought to be sustained find their proper place in the propositions, statements and authorities required to be set forth in the brief under and in support of the respective assignments." See also Bradley's Appellate Proced., p. 344 and note. The brief in this case submits propositions wherein is set out the alleged ground of error in the charge. The assignment is sufficient.

It is contended that the charge quoted in the assignment is erroneous in authorizing and directing the jury to find in favor of the defendant, Pierce, damages to the extent of the entire market value of the property with interest at the time of seizure, as actual damage, the pleadings of Turner & Pierce and I. J. Pierce showing that the property seized was the joint or partnership property of Turner & Pierce and not solely that of Pierce, and also showing that the damage sustained, if any, was sustained by Turner & Pierce, jointly, or as partners, and not solely by said defendant, Pierce; said charge thereby permitting a double and excessive recovery on the part of said defendant, Pierce. Turner & Pierce and I. J. Pierce, in their answer filed September 12, 1904, reconvened for actual damages, and as a basis for such actual damages alleged, among other things, substantially, that Turner & Pierce were not indebted to plaintiffs in any sum, nor had they nor anyone by their authority, executed a valid mortgage upon property belonging to said

Turner & Pierce; and further, that "defendant I. J. Pierce says the property in possession of L. K. Turner, belonging to Turner & Pierce, was not seized herein, but plaintiffs, to wrong and injure the defendant and Turner & Pierce, and having no mortgage or lien on said property against this defendant, made a false and fraudulent affidavit charging that they feared defendants would injure, ill-treat, waste and destroy said property during the pendency of this suit, and obtained a sequestration and had said property seized, which affidavit was untrue in fact, and was falsely and fraudulently made to wrong and injure the defendants, and take from him the property herein, which was by the sheriff seized by sequestration, and is of the value as follows: The brown horse, Sackett, worth $125; the bay horse, Jim, worth $100; the single buggy pulled by Sackett, worth $100; the single buggy pulled by Jim, worth $75; the set of harness used with each of said horses, each worth $12.50, $25.00, of the total value of $425. That said horses were taken from these defendants about May 9, 1904, and their use was worth $50 per month since said date; that plaintiffs entered into a conspiracy with L. K. Turner to wrong and injure and defraud this defendant and Turner & Pierce, whereby they have been actually damaged in said sums, and said horses, buggy and harness have been turned over to said Turner and are now tied up on feed bills and have been used and run down and are now worthless." Thus, the pleadings show that the property levied upon was the property of the firm of Turner & Pierce and that the damage resulting from the levy accrued to the firm. The pleading alleges that said horses were taken from these defendants, meaning Turner & Pierce. The charge authorized a recovery by Pierce, one member of the firm, for the entire damages sustained by a levy upon the firm property. Under the charge the jury returned a verdict for Pierce for the full value of the firm property, to wit: $425 and $38.95, interest, and judgment for this amount was entered in favor of I. J. Pierce against the plaintiffs in error.

Defendant in error insists that in the absence of a statement of facts an error in the charge of the court will not be revised. As a general proposition, this is true, except in a case where the pleadings contain matter which shows that the charge of the court is necessarily erroneous. (Bast v. Alford, 22 Texas, 399.) In the case of Neill v. Newton, 24 Texas, 202, it was said that it is not the ordinary practice of the Appellate Court to notice the charge of the court below in the absence of a statement of facts. But where there were no pleadings to support the verdict of the jury, as where the petition does not disclose such facts as would entitle the plaintiff to recover punitory damages and to the extent awarded by the verdict, the judgment would be reversed upon the charge which authorized the jury to find such damages. This holding was approved in the case of Anding v. Perkins, 29 Texas, 348. These cases are authority for our reviewing the charge in this case, and we hold that the charge under consideration is erroneous, notwithstanding there is no statement of facts in the record.

Again, it is contended that the charge complained of in the assignment is erroneous in permitting and directing the jury to award to defendant, Pierce, exemplary damages in the entire sum of such exemplary damages found by the jury, if any, while the pleadings of said

defendants, Pierce and Turner & Pierce, show that if any such damage was authorized to be recovered, that such damage accrued to both Turner and Pierce, and not to I. J. Pierce alone; the charge therefore permitting a double recovery by the defendant, Pierce. The pleadings authorized the submission of a charge on punitory damages. We are not prepared to hold, however, in view of the error pointed out in the charge authorizing a recovery for actual damages, that there was no error in the charge authorizing the recovery for vindictive damages. In view of the charge authorizing a recovery by Pierce for the value of all the firm property, and interest, when the petition did not allege facts which authorized such recovery, and in view of their findings on the issue of actual damages, they may have been induced to find a greater sum as exemplary damages than they otherwise would have done. The punitory damages should bear some reasonable proportion to the actual damages, and it may be that in finding for Pierce actual damages for all the property levied on they were thereby induced to increase their finding as to vindictive damages.

For the error in the charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed.