**TEXAS & P. RY. CO. v. DICKSON BROS. (No. 314.)**

(Court of Civil Appeals of Texas. El Paso. April 30, 1914. Rehearing Denied May 28, 1914.)

1. CARRIERS (§ 26*)—FREIGHT RATE—INTERSTATE COMMERCE COMMISSION.

The rate prescribed by the Interstate Commerce Commission controls the rate for an interstate shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 67–82; Dec. Dig. § 26.*]

2. CARRIERS (§ 202*)—ACTION TO RECOVER FREIGHT OVERCHARGE—ISSUE.

In an action to recover an overcharge on an interstate shipment of two cars of stock, where the agent of the defendant testified that the rate prescribed by the Interstate Commerce Commission then effective was 62½ cents per hundred weight for a 36-foot car, minimum weight 22,000 pounds, the shipper's testimony that he subsequently quoted to him a rate of $69.25 per car raised an issue as to the correct rate.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

3. CARRIERS (§ 47*) — POWERS OF CARRIER'S AGENT—QUOTATION OF RATES.

The quotation of interstate freight rates is within the scope of a railroad agent's authority.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 107, 108, 134–141, 204; Dec. Dig. § 47.*]

4. CARRIERS (§ 202*)—ACTION FOR FREIGHT OVERCHARGE—EVIDENCE.

In an action to recover an overcharge on an interstate shipment of stock, evidence that plaintiff, about three years prior to such shipment, had secured a lower rate was irrelevant to the correct rate at the time of shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

5. APPEAL AND ERROR (§ 1054*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The rule that, in a case tried before the court, the admission of incompetent evidence is not ground for reversal, where there is competent evidence sufficient to support a judgment, since it will be presumed that the court based its findings and judgment only upon the competent evidence, does not apply where the bill of exceptions expressly states that incompetent evidence was considered by the court in arriving at its conclusion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. § 1054.*]

6. CARRIERS (§ 202*) — ACTION TO RECOVER FREIGHT OVERCHARGE—EVIDENCE.

In an action to recover overcharges on an interstate shipment, evidence as to the rate on

a shipment based upon two local rates and not upon a through shipment at a through rate was inadmissible.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 906–915; Dec. Dig. § 202.*]

Appeal from Midland County Court; J. H. Knowles, Judge.

Action by Dickson Bros. against the Texas & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Jno. B. Howard, of Midland, and H. C. Hughes, of Galveston, for appellant. J. M. Caldwell, of Midland, for appellees.

HIGGINS, J. On November 25, 1912, Dickson Bros. shipped two car loads of mares, colts, and mules from Midland, Tex., to Durant, Okl., over the lines of the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company, paying a freight charge of $140.30 per car. This suit originated in the justice court to recover an alleged overcharge of freight paid, and upon appeal to the county court was tried without a jury and judgment rendered in favor of plaintiffs for $142.10. In findings of fact filed by the trial court, it is found that the proper charge was $69.25 per car.

[1] The first error assigned is that this finding is without any evidence to support it. The rate prescribed by the Interstate Commerce Commission of course controls, and it was the duty of the railway company to collect same.

[2] The only direct evidence of this rate is contained in the testimony of Anderson, the agent of the Texas & Pacific, and witness for plaintiffs, who testified that the rate prescribed by the Commission, effective April 23, 1912, was 62½ cents per hundredweight for a 36-foot car, minimum weight 22,000 pounds, but W. L. Dickson testified that, since making the shipment out of which this suit arises, the Texas & Pacific agent had quoted him a rate of $69.25 per 36-foot car. The quotation of this amount raised an issue as to the correct rate. The cause must be reversed for an error later noticed, and, in view of a retrial, we refrain from further comment upon the probative force of the evidence in the record.

[3] Error is next assigned to the admission of the foregoing testimony of Dickson relative to the $69.25 rate. The quotation of rates is within the scope of a railway agent's authority, and as against the particular objection urged in the brief admissible for purpose of showing the correct rate.

[4] Error is also assigned to admission of testimony by Dickson that about three years prior to the shipment in controversy he had secured a rate of $69.25 for a 36-foot car from Midland to Durant. The rate concern-

ing which Anderson testified is shown to have become effective April 23, 1912. Evidence of the existence of a different rate prior or to that date could have no proper probative force whatever. It was irrelevant and should have been excluded.

[5] Appellee, in reply to the assignment, invokes the rule that, in a case tried before the court, the admission of incompetent evidence is ordinarily not ground for reversal, where there is competent evidence sufficient to support the judgment, since it will be presumed that the court based its findings and judgment upon the competent rather than the incompetent evidence. This rule, however, can have no application here, because the bill of exception expressly states that the evidence was considered by the court in arriving at his conclusion. Gaither v. Lindsey, 37 Tex. Civ. App. 149, 83 S. W. 225; Railway Co. v. Brashears, 91 S. W. 594; Garrison v. Richards, 107 S. W. 861; Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740.

[6] In view of the fact that the rate prescribed by the Interstate Commerce Commission absolutely controls the question, the objections urged in brief to the testimony of Blakeway do not seem to be well taken, but, in view of retrial, attention is called to the fact that it is clearly subject to the objection stated in the bill of exception, viz., that his shipment was not a through shipment and based upon a through rate but upon two local rates.

Reversed and remanded.