## TAYLOR v. GOSSETT.   (No. 9215.)*

(Court of Civil Appeals of Texas.   Dallas.
Jan. 10, 1925.   Rehearing Denied
Feb. 21, 1925.)

1. **Damages ⪧174(3) — Value of destroyed garage the year before held admissible, where shown to be practically same immediately before destruction.**

In action for destruction of plaintiff's garage by fire, testimony as to value of garage a year before fire was admissible, where there was other evidence showing that condition of garage immediately before fire was practically the same as it was a year before, less natural depreciation.

2. **Damages ⪧188(2)—Evidence held to show value of destroyed garage immediately before destruction.**

In action for destruction of plaintiff's garage by fire, evidence as to value of garage immediately before destruction *held* sufficient to warrant finding for plaintiff on such issue.

3. **Appeal and error ⪧1054(3)—In action before court without jury, admission of incompetent evidence, held harmless, where not shown to have been "considered" by court in arriving at its conclusion.**

In action, tried before court without jury, for negligent destruction of plaintiff's garage by fire, admission of letter written by defendant to plaintiff, which was incompetent, though error, *held* harmless, where, eliminating such letter, there was other sufficient evidence that destruction of garage was due to defendant's negligence, and it was not shown that court "considered" such incompetent evidence in arriving at his conclusion, since evidence is "considered" when reviewed to determine whether any probative force should be given it.

4. **Damages ⪧111—Difference between value of garage destroyed by fire immediately before and after fire proper measure of damages.**

Although the true measure of damages for destruction of plaintiff's garage by fire is difference between value of entire premises immediately before and after fire, value of garage immediately before and after fire constituted a proper measure of damages, since result would be the same under either method.

Error from District Court, Dallas County; Louis Wilson, Judge.

Action by R. A. Gossett against P. K. Taylor. Judgment for plaintiff, and defendant brings error. Affirmed.

Thomas, Frank, Milam & Touchstone, of Dallas, for plaintiff in error.

Meador, Cramer & Meador, of Dallas, for defendant in error.

VAUGHAN, J. This is an appeal prosecuted by writ of error from a judgment rendered in a suit filed November 3, 1921, by defendant in error, in which he sought to re-cover damages against plaintiff in error for the alleged negligent building of a fire by plaintiff in error near a garage situated on property owned by defendant in error, which resulted, according to the allegations, in the destruction by fire of said garage. It was alleged that the garage at the time of its destruction was of the value of $1,200 and that the fire in question occurred on February 20th, 1921. The answer of plaintiff in error consisted of certain special exceptions and a general denial. Trial was had on April 12, 1923, before the court without a jury, and resulted in judgment for the sum of $660 in favor of defendant in error against plaintiff in error.

The trial court found the following facts to have been established by the evidence: That on the 20th day of February, 1921, defendant in error was the owner of a house and lot located at 100 South Edgefield street in the city of Dallas, and that prior to and on said date there was situated on the rear of said lot a two-story frame garage with a concrete floor, which was on said date of the reasonable value of $900; that on February 20, 1921, plaintiff in error, as tenant, occupied an apartment located on a lot adjoining the above property owned by defendant in error; that on said date, at about 10 o'clock a. m., plaintiff in error built a fire on and in the rear of the premises occupied by him, about eight feet from said garage; that plaintiff in error looked after said fire for about five or ten minutes and until the same had burned down and only a small blaze was left burning, when he left same and returned to his apartment and did not further look after said fire; that at the time he left said fire the wind was blowing at a moderate rate from the fire towards said garage; that about five minutes thereafter said garage was discovered to be on fire on the side towards said bonfire; that the building of said fire on the rear end of said lot and within eight feet of said garage, while the wind was blowing towards same, was the direct and proximate cause of the damage to said garage. Said findings are sustained by the evidence.

This appeal is based upon the following bills of exception:

First. S. A. Lynch, witness for plaintiff, upon direct examination was permitted to testify that about a year before the fire occurred which destroyed the garage he judged that its value was about $1,150 or $1,200. Counsel for the defendant moved to strike this testimony from the record, because the testimony of the witness as to the value of the garage a year prior to the date of the fire was immaterial and irrelevant, and had no bearing on the issues in the case, since it has not been shown that the garage was in the same condition at the time it burned as at the date witness had last seen it, one year prior thereto.

Second. Plaintiff offered in evidence a cer-

tain letter reading as follows: "Mr. R. A. Gossett, Bowling Green, Ky.—Dear Sir: Replying to yours of May 23, relative to garage, I have thought I would get to see you at home for sixty days. I am willing to give you $100.00 to apply on the building of garage, but it will be Oct. 1st before I can do it, for the reason that I am not making any money this year and cannot collect any thats owing me or the interest on same and there so far has been no dividends on my stocks. Yours very truly, P. K. Taylor." Defendant objected to the admission of the evidence of said letter, upon the grounds that it was immaterial and irrelevant, and had no bearing on the cause of the fire, and further for the reason that the letter was an attempt to compromise a controversy, and further because the letter failed to show or give any statement bearing on the issue of negligence and the negligent burning of the building. The court overruled objections of defendant and admitted the letter in evidence for whatever weight it might have as "showing an acknowledgment of his negligence in the burning of the building."

[1] Unless there was other evidence before the court showing that at the time of the fire the condition of the garage, less natural depreciation, was practically the same that it was at the time the witness Lynch last saw it, the motion to strike the testimony of said witness from the record should have been sustained. Occident Fire Ins. Co. v. Linn (Tex. Civ. App.) 179 S. W. 523. As the testimony of the witness in reference to the value of the garage should be based upon the condition of same immediately before its destruction. However, we are of the opinion that the following evidence established that the condition of the garage at the time it was last examined by the witness Lynch was practically the same at the time of the fire, except natural and reasonable depreciation, which was taken into account by defendant in error, who testified as follows:

"I live at 100 S. Edgefield, corner Tenth, in Oak Cliff. I have owned that property about 12 years and was occupying same February 20, 1921. Out in the back yard of this property I originally had a one stall garage, servant's room and wash room. This had been built about six weeks when I moved on the property. About 1919, I built an extra garage onto that building; improved it considerably by ceiling, papering, and painting it. It was already painted, but I did it again. On or about February 20, 1921, the original building had been built about 9½ or 10 years; had only been painted and papered one time; it was in fairly good condition; the balance of it was practically new, and was about 2 years old. In floor space the size of the garage was 12x24 ft., was a two-story building with shingle roof. The entire downstairs had reinforced concrete floors; the second story had ordinary plank floors. It was ceiled up above. The building was not shiplapped on the outside; it was built originally of boxing. I then shiplapped inside and out. The garage burned on or about February 20, 1921. It was in the condition that I have just

explained. I made an estimate of the building that burned; that estimate was $1,200; I based it on lumber, labor, paint, and paper. This $1,200 was a reasonable estimate of the replacing of that particular garage. There was bound to be some depreciation on the old garage since there is a depreciation on any building that has been built for some time. From all of my experience I will say that the approximate depreciation of that particular garage at the time it burned would have run approximately 4 per cent. per annum had there not been any replacements, but part of the building was practically new; it had been built less than three years. If I was going to appraise the property, or any other property of the kind, I would depreciate it at least 20 per cent."

[2] However, even conceding that the motion should have been sustained and the evidence of the witness Lynch excluded, there would have remained before the court evidence of the value of the garage immediately before the fire sufficient to have warranted the court to have found on this issue in favor of defendant in error, to wit, in addition to the above testimony, defendant in error testified, "In dollars and cents I would say that the garage was worth at the time it burned, $960." It was completely destroyed garage, flooring, and all. It could not be used for anything."

[3] The objection to the introduction in evidence of the letter of date June 2, 1921, from plaintiff in error to defendant in error should have been sustained, on the ground that same was an offer to compromise the matter in dispute between the plaintiff and defendant, and, further, because the letter failed to show or give any statement bearing on the issue of negligence and the negligent burning of the building, or contained any statement that could in any manner be construed as an acknowledgment of negligence in the burning of same independent of proposition to compromise. Railway Co. v. Ragsdale, 67 Tex. 24, 2 S. W. 515; McKnight v. Gin Co. (Tex. Civ. App.) 99 S. W. 198; Floresville Oil & Mfg. Co. v. Tex. Ref. Co., 55 Tex. Civ. App. 78, 118 S. W. 194.

Defendant in error contends that even if it should be held that the admission of this letter in evidence was erroneous, that same is not reversible error for the reason that, as the trial was before the court without the intervention of a jury, it will be presumed that the court did not consider this incompetent evidence in arriving at the conclusion leading to the rendition of the judgment appealed from, because, in a trial before the court without a jury, where there is both competent and incompetent evidence, it will be presumed that the court based its judgment upon the competent evidence alone, in the absence of a contrary showing.

In reply to this, plaintiff in error contends that from the record it is made to appear, and does appear, that the court did consider

the contents of the letter in arriving at the judgment rendered, and that therefore the admission of said letter is such error as to require the reversal of the judgment.

In overruling the objection to the admission of the letter, the court stated that same was admitted in evidence for whatever weight it might have as "showing an acknowledgment of his negligence in the burning of the building." Therefore, same was admitted upon a material issue necessary to be determined in order to dispose of the litigation.

The record discloses that the following additional testimony was before the court on this issue, to wit: Defendant in error testified that "after the fire defendant and I talked about the garage burning many times; he said that he built the fire; he told me that he was burning waste paper out there; and that after he built the fire he went back in the house."

Mrs. R. A. Gossett, the wife of the defendant in error, testified:

"That on that particular day, the 20th of February, 1921, there was a fire burning on the adjoining lot where Mr. Taylor (plaintiff in error) lived. When I looked out there and saw it first I didn't see the bonfire because it was behind the garage, but the garage was in flames when I saw it; the flames on the garage were on the opposite side from me and all the roof was in flames and all the back side of it was in flames when I saw it. Just as the fire was over Mr. Taylor (plaintiff in error) came over and had a conversation with me in reference to the fire, in which he stated: 'Mrs. Gossett, I came over to talk to you about the fire.' I said, 'Mr. Taylor, talk won't help me now.' He said he knew that, and that was what he wanted to talk to me about, and he said he would do his part in putting the garage back; that he was sorry; that he realized that he should not have burned the trash, and that he was sorry it burned; and that he would be more than glad to do what he could to put it back. At that time the fire was still smoking."

In reference to the fire, plaintiff in error testified:

"I remember the occasion when the garage on Mr. Gossett's property was destroyed by fire. On that morning, prior to the time of the fire, I did not see a fire on the premises on which the apartments were located. I did not see any fire until I came down out of the house. There was a trash fire back of the premises. The first time I saw a fire out there was when I went out myself to burn some papers. At that time I put some trash and papers on the fire; I do not know who started the fire; I did not start it myself. When I put the trash and papers on the fire I watched the fire until the blaze had burned down; it was just a small simmering fire. I then went back in the house. In about 10 or 15 minutes I came out on the back porch and saw the garage on fire. When I looked out I noticed the garage on fire up near the roof on the southeast corner; there was a small blaze burning, probably

about two feet square. At the time I put the papers on the fire it had burned down low, but was still blazing and quite a good many papers were around and I raked them back upon the fire. Magazines will burn for a couple of hours; when I went out there were magazines burning; I would not say they were the only things. The papers I put on the fire were just papers and magazines from the house. I watched this fire until the blaze had died down and until I didn't think there was any danger. The wind that day was in the south. I do not think it was exceptionally strong or I would not have put the papers on it."

L. C. Cloud, a witness for plaintiff in error, testified:

"I saw Mr. Taylor (referring to plaintiff in error) carry some trash out there and dump it on the fire; I do not know what he did after that, because I went on in my house at that time. The trash he dumped on the fire consisted of newspapers and magazines as well as I remember; he did not put a cage around it or anything to keep it from spreading or blowing away that I know of; I do not know who built the fire that was burning that morning; it was burning real early. Mr. Taylor did not start the fire."

In reference to the testimony of defendant in error and his wife that plaintiff in error stated to them that he started the fire, there is a conflict, the defendant in error testifying that he did not make such admission to either of said parties as testified by them respectively. With the letter excluded, and eliminating the testimony of defendant in error and his wife as to the admissions testified to by them to have been made by plaintiff in error as to the origin of the fire, there would remain before the court the uncontroverted testimony of plaintiff in error in reference to his admitted connection with the fire as above detailed, which, in our judgment, was not only sufficient upon which the conclusion reached by the court could have been based, but was sufficient to warrant, in fact to require, the court to reach the conclusion upon this issue, as reflected by the judgment rendered, to wit, that the destruction of the garage was due to the acts of negligence on the part of plaintiff in error, which were the direct and proximate cause of the burning of same, to wit, that he replenished the fire discovered by him on the premises by raking thereon partly burned papers and magazines found lying around and near the fire, and placed thereon a fresh supply of papers and magazines brought from his apartment for the purpose of being consumed by fire, and without taking the necessary and proper precaution to prevent the spreading of same to contiguous property, especially the garage in question.

The validity of the contention of plaintiff in error that, as the bill of exception shows that such incompetent evidence was consid-

cred by the court in arriving at his conclusion, the admission of such evidence is reversible error, notwithstanding there was both competent and incompetent evidence before the court, depends upon the sense in which the word "considered" is used. Evidence is "considered" when reviewed by a court to determine whether or not any probative effect should be accorded same, and, unless such consideration leads to an acceptance of the evidence so as to make it effective in producing or materially contributing to produce the conclusion reached, such consideration cannot be said to be more than harmless error, if error at all.

The general rule applicable to this question is succinctly and clearly stated by Judge Wheeler, speaking for the Supreme Court in the case of Melton v. Cobb, 21 Tex. 539, in the following language:

"As the judge sat to hear and decide the case, without a jury, his having heard incompetent evidence, if such was the case, would not require a reversal of the judgment, when there was competent evidence sufficient to authorize its rendition. The court would discriminate between evidence which was legal and that which was not; giving the former the weight to which it was entitled, and rejecting the latter."

This most wholesome and logical rule has been carefully guarded and preserved by the Supreme Court and most of the Courts of Civil Appeals, with the exception of what may be termed more of an explanation than a modification. Notably in the case of Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740, in applying the rule announced in Melton v. Cobb, supra, to the facts in the Moore-Kennedy Case, the Supreme Court stated:

"But we are of the opinion from a careful examination of the statement of facts found in the record that the learned judge who tried the case below was influenced in his judgment by the incompetent evidence that was admitted."

It will be noted that it was not the fact that the incompetent evidence was admitted and considered, but the fact that the judge was influenced in rendering his judgment by the incompetent evidence, and this was clearly gathered from the statement of facts as a whole. The Supreme Court approved the opinion rendered by the Commission of Appeals in the case of Lawther Grain Co. v. Winniford, 249 S. W. 195, in which this identical question was involved and in which the following language was used, which is in harmony with the holding in the case of Moore v. Kennedy and also Railway v. Startz, 97 Tex. 167, 77 S. W. 1:

"The judgment of the trial court should not be disturbed unless there be a showing that it was erroneous. In accordance with this rule it has been repeatedly held that the mere fact that improper evidence has been adduced will not require the reversal, where the trial was to the court. There must be some showing that the improper evidence affected the decision."

In passing on a similar question in the case of Lacoma v. Canto (Tex. Civ. App.) 236 S. W. 1013, the court announced the following:

"So clearly this document was not admissible in evidence, but where the cause was tried before the court the admission of incompetent evidence will not require a reversal unless injury is shown. That is, that the court must have considered the incompetent evidence in arriving at his judgment. And when the court hears such incompetent testimony, the cause will not be reversed where there is competent testimony sufficient to authorize the rendition of the judgment."

In the case of Frost v. Thomas (Tex. Civ. App.) 238 S. W. 305, in passing upon a similar question, the term "considered" is interpreted to mean giving effect to the incompetent evidence in arriving at a conclusion, to wit, "conceding this to be a valid objection and that it was incompetent evidence, there is nothing in this case to indicate that the court considered it in arriving at the finding that there was no fraud. Therefore, is not reversible error."

From the above authorities we have reached the opinion that the word "considered" has reference to and means, when used in connection with the admission of incompetent evidence, the consideration of same by which effect is given thereto in arriving at the conclusion reached in the trial of a cause. We do not think the contention of plaintiff in error that the bill of exception shows that the incompetent evidence, to wit, the letter, was considered by the court in arriving at his conclusion is borne out by that instrument, and this perforce of our construction of the following language explanatory of the court's position with reference to the admission of the letter:

"The court overruled objection of defendant and admitted the letter in evidence for whatever weight it might have as showing an acknowledgment of his negligence in the burning of the building."

This does not show that the court gave it any weight in arriving at his conclusion, and the evidence does not show that it was in any respect necessary for the court to have given same any weight or that he was influenced thereby in arriving at his conclusion on this issue. The language, "whatever weight it might have," excludes the idea that the court at the time the bill of exception was approved had given it any weight on the isssue, or that it had any weight as evidence in the case for any purpose. It is at best only a tentative admission of the evidence to be considered, first for the purpose of determining whether or not it was legal

testimony on this issue, and, if so, what weight should be accorded same. Therefore, we do not think the case as made by plaintiff in error under his contentions come within the most liberal rule announced by our courts, to wit, in Garrison v. Richards (Tex. Civ. App.) 107 S. W. 861; Texas & Pacific v. Dickson Bros. (Tex. Civ. App.) 167 S. W. 33; and, certainly not in the case of Texas & Pacific v. Brashears et al. (Tex. Civ. App.) 91 S. W. 594, for in that case the court overruled said objection to the incompetent testimony, and stated in the bill that he would consider said testimony all together, which clearly shows that it was admitted for the purpose of being considered and was considered by the court in arriving at his conclusion. While the objection to the letter should have been sustained, the admission of same, although incompetent evidence, was harmless error under the state of the record as reflected on this appeal.

[4] This brings us to the consideration of the last question presented for our determination, being the fourth proposition, to wit:

"Where plaintiff seeks to recover for the destruction of the building by fire, the measure of damages is the difference between the value of the land immediately before and after the fire, and not the value or cost of the building itself; and, where in such suit there is no evidence of the value of the property immediately before the fire and immediately thereafter, judgment for plaintiff should be refused."

On a careful examination of the evidence we find the value of the garage immediately before its destruction by fire was testified to by defendant in error, as follows: "In dollars and cents I would say that the garage was worth at the time it burned, $960." And the witness Lynch, as follows: "Its actual value at that time, I should judge, cement work and all, was around $1,150 or $1,200."

The court rendered judgment in favor of defendant in error for the sum of $660. The difference in the testimony as to valuation by the witnesses and the amount of the judgment rendered probably occurred by allowing the depreciation as testified to by defendant in error, and perhaps was influenced by other testimony found in the record in reference to the value, but be that as it may, the amount of the judgment shows that the court did not accept literally the testimony of any one witness as to the value of the garage immediately before the fire. The testimony introduced for the purpose of showing the measure of damages sustained by defendant in error was not based upon the cost of restoring the garage to its original condition, but the value of the garage immediately before and after the fire. It is true, the general rule announced in the case of Pacific Express Co. v. Lasker Real Estate

Ass'n, 81 Tex. 81, 16 S. W. 792, was not observed by defendant in error, to wit, that the measure of damages is the lessened value of the premises caused by the destruction of the garage, with interest from the time of the award. In other words, the difference between the value of the entire premises on which the garage was located immediately before and immediately after the destruction of the garage.

However, the rule in the Lasker Case is not by any means inflexible or intended to be the only way, excluding other means by which the same result would be accomplished. The method resorted to by defendant in error is really a distinction without a difference, as he sought to establish the value of the garage immediately before and after its destruction for the purpose of showing the measure of recovery that should be accorded him. We are unable to see what difference there exists in the result thus obtained and the result that would have been obtained by the introduction of proof as to the value of the entire premises before and immediately after the destruction of the garage. The method adopted by the defendant in error is recognized and approved in the case of M. K. & T. Ry. Co. of Tex. v. Mitchell (Tex. Civ. App.) 166 S. W. 126, and in the authorities cited in the opinion on this question; and is not in conflict with the holding in the case of Express Co. v. Lasker, supra, as is clearly indicated by the following language contained in the opinion in that case:

"The purpose in every case is to compensate * * * for the injury received, and the measure of damages which will accomplish this in a given case ought to be adopted.

"In the case before us there was no evidence on which the court could assess the damages according to any other measure than that adopted, and the burden of producing such evidence as would enable the court to properly assess the damages was on the plaintiff. Cases may arise in which the measure of damages adopted by the court would be equitable, but this would not be so in all cases."

In the Lasker Case the house was not entirely destroyed and, over defendant's objection, the court permitted a witness to state what sum, in his opinion, it would have been necessary to expend in order to place the house in as good condition as it was before the fire. The court found that the negligence of appellant's servant was the cause of the fire, and that it would take $750 to place the house in the same condition it was before the fire, and for this sum, with interest, rendered a judgment.

In the instant case defendant in error sought to recover damages for the complete destruction by fire of a garage located on premises owned by him, and, as the measure of recovery, alleged the reasonable market

value of said garage immediately before and after the fire, viz., that it was worth $1,200 immediately before the fire and worthless after the fire; and, on the issue thus presented, introduced proof to show the value of the garage immediately before the fire, and also proof to show it was worthless after the fire. Under this method, the same result was accomplished that would have been under the rule announced in the Lasker Case, to wit, the introduction of proof as to the value of the entire premises immediately before the destruction of the garage and the value of the premises immediately thereafter would only have established the value of the garage before and after the fire. We therefore hold that the judgment was predicated upon proper evidence as to the measure of damages.

Finding no reversible error disclosed by the record, the judgment of the lower court is affirmed.